LOTTIE NABORS v. JUNE QUICK AND KANSAS CITY FIRE AND MARINE

4673 433 S.W. 2d 844

Opinion Delivered November 4, 1968
[Rehearing denied December 9, 1968.]

*Griffin Smith* for appellant.

*Wright, Lindsey & Jennings* for appellees.

PAUL WARD, Justice. This is an appeal from a probate court decree holding the surety on a guardian's

bond had been discharged. We explain below how the issue reaches this Court.

On April 14, 1964 Lottie Nabors (appellant) had the probate court appoint June Quick (one of the appellees here) guardian for her brother James Wilburn (referred to as the ward). About two weeks later the guardian filed a bond in the amount of $10,000, the surety being Kansas City Fire and Marine Company (the other appellee), hereafter referred to as surety. The ward died on August 5, 1964, and two days later appellant had the court appoint the guardian (Miss Quick) administratrix of the estate of Jessie Wilburn deceased, and a new bond, with a new surety, was executed and filed. Then on November 19, 1964 the guardian filed a first and final report, and on the same day the probate court entered an order closing the guardianship and discharging the surety (Kansas City Fire and Marine Insurance) from further liability.

*This Suit.* On August 31, 1967 appellant filed a complaint in chancery court (later transferred to probate court) against June Quick and Kansas City Fire & Marine Ins. Co. alleging, in substance among other things, that June Quick, as guardian, had failed to account for assets in the amount of $1168.22, and had not properly reported and explained certain expenditures. The prayer was for ''a true accounting and a judgment for the amount of assets diverted''. Kansas City Fire & Marine Ins. Co. filed a separate answer admitting the guardianship of Miss Quick and that it signed her bond as such guardian, but denying all other allegations. It further stated: (a) the guardian made all disbursements on orders of the court; (b) appellant received a large portion of the assets; (c) all disbursements were proper; (d) it was discharged by a proper order of the probate court from which no appeal has been taken, and; (e) the chancery court has no jurisdiction of the subject matter of this action.

On March 7, 1968 the trial court entered a decree dismissing appellant's complaint based on these findings: (1) The court has jurisdiction of the parties and the subject matter; (2) on November 18, 1964 "an order was entered closing the guardianship and discharging the defendant as surety from any further liability"; (3) the parties agreed that appellant would not seek to recover any sums diverted during the guardianship; and, (4) the liability of defendant (surety) terminated with the filing of the administratrix's bond because it was not shown that June Quick, while acting as guardian, misappropriated or diverted any funds of the ward.

For reasons presently set out we have concluded that the decree of the trial court must be reversed.

Ark. Stat. Ann. § 57-642 a. (Supp. 1967) [Guardian to Account], in pertinent part, reads:

> "Unless otherwise directed by the court a guardian of the estate shall file . . . a written verified account of his administration. Notice of hearing of every accounting shall be given . . . " "The account shall show with respect to each item for which credit is claimed . . . "

The subsequent section 57-645 [Discharge of Guardian], in material part, reads:

> "Upon the guardian of an estate filing receipts or other evidence satisfactory to the court, showing that he has delivered to the persons entitled thereto all the property for which he is accountable as guardian, the court shall make an order discharging the guardian *and his surety* from further liability or accountability with respect to the guardianship." (Emphasis supplied.)

It would serve no useful purpose to set out the testimony in detail regarding the accounting and purported

discharge of the guardian and the surety on her bond. Suffice to say the record reveals that the statutes quoted above were not, in any manner, complied with. In fact, appellees do not appear to contend otherwise.

In view of the law and the record referred to above, we are compelled to conclude that appellee (Kansas City Fire and Marine Ins. Co.) has not been legally released from liability as surety on the bond. Therefore the decree of the trial court is reversed, and the cause is remanded for the trial court to determine the extent, if any, of appellees' liability to appellant