Terry WARD d/b/a Ward's Pools & Spas *v.*
David B. SWITZER and Patricia L. Switzer

CA 00-340                                           40 S.W.3d 325

Court of Appeals of Arkansas
Division I
Opinion delivered March 7, 2001
[Petition for rehearing denied April 4, 2001.]

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

One brief only.

LARRY D. VAUGHT, Judge. This is an appeal from an order of contempt arising from appellant's failure to respond to discovery. Appellant contends that the trial court erred in granting the appellees' motion for contempt. We agree.

Appellees, David and Patricia Switzer, filed a complaint against appellant, Terry Ward d/b/a Ward Pools and Spas, alleging breach of contract, replevin, and fraud. The allegations in the complaint arose out of a contract appellees entered into with appellant for the construction of a swimming pool in their backyard. Appellant filed an answer and counterclaim and subsequently filed an amended answer and counterclaim.

Appellees served various discovery requests upon appellant, including two sets of interrogatories, request for production of documents, and requests for admissions. When appellant failed to respond to the requests for admission, appellees filed a motion to deem the requests admitted. Appellees also filed a motion to compel answers to the two sets of interrogatories and request for production of documents.

Appellees subsequently filed a motion for judgment on the pleadings based on the requests for admission. A hearing was held on December 17, 1999. The trial court granted appellees' motion to compel and ordered that the responses to both sets of interrogatories and requests for production be filed by December 24, 1999. The trial court also granted appellees' motion to deem requests admitted and appellees' motion for judgment on the pleadings, but reserved the issue of damages for a hearing. Appellant's amended counterclaim was also dismissed.

An order signed by the trial judge on January 3, 2000, indicates that on December 29, 1999, appellees presented a motion for sanctions and for order of contempt. Based on the pleadings and other matters before the trial court, it awarded appellees a judgment against appellant in the amount of $21,000. However, despite the fact that appellant designated the entire record, the motion for sanctions and for order of contempt do not appear in the record. Nor is there any indication in the record that a hearing was actually held on December 29, 1999. The trial judge also entered an order of contempt on January 3, 2000, referencing appellees' December 29th presentment of a motion for sanctions and for order of contempt. The court found appellant in contempt because he failed to comply with the court's December 17th order requiring him to respond to discovery by December 24, 1999. This order directs the

Garland County Sheriff to take appellant into custody and hold him until such time as he responds to the discovery. On appeal, appellant contends that the trial court erred in granting the order of contempt.

█ █ An act is deemed contemptuous if it interferes with the order of the court's business or proceedings or reflects upon the court's integrity. *Etoch v. State*, 332 Ark. 83, 964 S.W.2d 798 (1998). The supreme court in *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988), addressed the distinction between civil and criminal contempt. The court quoted the United States Supreme Court to explain the difference:

> 'If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.' *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911). The character of the relief imposed is thus ascertainable by applying a few straightforward rules. If the relief provided is a sentence of imprisonment, it is remedial if 'the defendant stands committed unless and until he performs the affirmative act required by the court's order,' and is punitive if 'the sentence is limited to imprisonment for a definite period.' *Id.*, at 442. If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order.
>
> . . .
>
> The distinction between relief that is civil in nature and relief that is criminal in nature has been repeated and followed in many cases. An unconditional penalty is criminal in nature because it is 'solely and exclusively punitive in character.' *Penfield Co. v. SEC*, 330 U.S. 585, 593 (1947). A conditional penalty, by contrast, is civil because it is specifically designed to compel the doing of some act. "One who is fined, unless by a day certain he [does the act ordered], has it in his power to avoid any penalty. And those who are imprisoned until they obey the order, 'carry the keys of their prison in their own pockets' " *Id.*, at 590, quoting *In re Nevitt*, 117 F. 448, 461 (CA8 1902).

*Id.* at 139–40, 758 S.W.2d at 276–77 (citing *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624 (1988)).

■ The contempt charge in the present case arose from the appellant's failure to respond to discovery propounded by appellees. The order of contempt ordered the sheriff to take appellant into custody and to hold him until "he purges the contempt by responding to the discovery...." Because the trial court was attempting to enforce the rights of the parties by compelling appellant to act, the nature of the contempt charge is civil. At the time the order of contempt was entered, the trial court also entered a judgment in favor of appellees for $21,000, plus costs of $125. Therefore, the discovery became moot since appellees received a judgment against appellant. It is well settled that where the parties settle the underlying case that gave rise to the civil contempt sanction, the contempt proceeding is moot because the case has come to an end. *See State ex rel. Corn v. Russo*, 90 Ohio St. 3d 551, 740 N.E.2d 265 (2001)(citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911)). Thus, the contempt proceeding in the present case is moot because the underlying case came to an end at the point the trial court awarded appellees a monetary judgment. Accordingly, we reverse the trial court's order of contempt.

■ Even if the proceeding were considered criminal contempt because it was punitive in nature, we would still reverse because there is no evidence that appellant received notice of contempt and an opportunity to be heard. Arkansas Code Annotated section 16-10-108(c) provides that "Contempts committed in the immediate view and presence of the court may be punished summarily. In other cases, the party charged shall be notified of the accusation and shall have a reasonable time to make his defense." *See also Fitzhugh v. State, supra* (stating that the Due Process Clause, as applied in criminal proceedings, requires that an alleged contemnor be notified that a charge of contempt is pending against him and be informed of the specific nature of that charge). There is no evidence that appellant received notice of contempt or an opportunity to defend.

Reversed.

PITTMAN and HART, JJ, agree.