Charity TAYLOR *v.* STATE of Arkansas

CA CR 01-583 64 S.W.3d 278

Court of Appeals of Arkansas
Division IV
Opinion delivered December 19, 2001

Doug Norwood and Susan Lusby, for appellant.

Mark Pryor, Att'y Gen., by: Valerie L. Kelly, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Charity Taylor appeals from the circuit court's order finding her in contempt for failing to appear for jury duty; Taylor was sentenced to twenty-four hours in jail and fined $150. Taylor argues that: (1) she was not summoned to jury duty according to law and, thus, could not be summarily penalized under the statute governing the summons of jurors for jury duty; (2) because she was not legally served, the trial court should not have imposed criminal sanctions on her for contempt of court when she failed to appear for jury duty; and (3) even if the trial court could have imposed criminal sanctions, it should not have done so summarily because the alleged act occurred outside the presence of the court. We agree that Taylor was not properly summoned according to Arkansas law and reverse and dismiss.

In December 2000, Charity Taylor received notice and attended her orientation for possible jury duty. On January 26, 2001, Taylor moved from her address registered with the Circuit Court and failed to notify the clerk of her change of address. On February 13, 2001, summonses were issued to a large number of jurors, including Taylor, to appear for jury selection on March 12, 2001. On March 12, 2001, a criminal trial began. During voir dire, Taylor's number was called, but she was not present. The trial court ordered that a bench warrant be issued for Taylor. On March 13, 2001, Taylor was booked in the county jail and was given a citation to appear in Benton County Circuit Court at 11:00 a.m. on March 14, 2001.

When Taylor appeared on March 14, 2001, the trial court recessed trial and questioned Taylor on the record about her failure

to appear. Taylor first claimed that a change of address had been submitted to the post office. However, before the contempt hearing, the court had asked the sheriff to check the post office to determine whether Taylor had submitted a change of address form. Captain Gene Drake informed the judge that no forwarding address had been submitted and that Taylor had unclaimed mail at the post office, including what appeared to be the mailed summons for jury duty. Taylor then stated that she had assumed that her husband had submitted the form. The trial court stated that it could not hold Taylor's husband responsible for her failure to submit a change of address to the post office or for her failure to notify the clerk of a new phone number where she could be reached. The court then found Taylor in contempt and sentenced her to twenty-four hours in the Benton County Jail and imposed a fine of $150 which was to be paid within fourteen days. Although Taylor was immediately taken to jail to serve the time, it is not apparent from the record before us that the fine has been paid, consequently we do not consider this case to be moot. *See Minge v. Minge*, 226 Ark. 262, 289 S.W.2d 189 (1956) (holding payment of delinquent child support purged contempt, and thus, the holding of contempt was moot), *Central Emergency Med. Servs., Inc. v. State*, 332 Ark. 592, 966 S.W.2d 257 (1998) (holding that once contempt is purged by payment of the fine, the propriety of the contempt order is moot).

■■ On appeal, Taylor argues that the trial court violated her due process rights under the federal Sixth and Fourteenth Amendments and Article 2, Section 10, of the Arkansas Constitution when it found her guilty of contempt of court for failing to appear for jury duty. Taylor raises several points within this argument. However, before reaching the merits, we must first address the State's contention that Taylor's arguments on appeal are procedurally barred because she did not make them to the trial court, and because her case does not fall within one of the four exceptions to this requirement enumerated in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). We do not agree. Taylor was arrested and ordered to appear before the trial court the next day at 11:00 a.m. In *Allison v. Dufresne*, 340 Ark. 583, 12 S.W.3d 216 (2000), the supreme court stated that criminal penalties may not be imposed on an alleged contemnor who has not been afforded the protections that the Constitution requires of criminal proceedings. In *Ward v. Switzer*, 73 Ark. App. 81, 40 S.W.3d 325 (2001), this court reversed an order of contempt for failure to respond to discovery where there was no evidence that the appellant received notice of contempt and opportunity to be heard. We stated that although contempt committed in the immediate view and presence of the court

may be punished summarily, in other cases the party charged shall be notified of the accusation and shall have a reasonable time to defend. Here, Taylor had only one day's notice of the accusation, and we cannot say that she had a reasonable time to defend or even to obtain counsel. Consequently, we hold that she has not waived the right to raise her arguments on appeal and address the merits.

Taylor first contends that she was not summoned to jury duty according to law, and thus, could not be summarily penalized under the statute governing the issuance of summons for jury duty. She further contends that because she was not legally served with a summons for jury duty, the trial court should not have imposed criminal sanctions on her for contempt of court when she failed to appear. In this regard, Taylor argues that due to the inadequacy of the record, primarily the absence of the summons, it is impossible to determine whether the summons for jury duty complied with the statutory requirements of service of summons by first-class mail. Specifically, Taylor contends that she was not lawfully summoned pursuant to the procedure set forth in Ark. Code Ann. § 16-32-106 (Repl. 1999) and that, due to lack of service of the summons, she was deprived of her due process rights because she was not given adequate notice of the charge for failure to appear. The State responds that Taylor attended jury orientation, knew that she was under an order to appear for jury duty, and her failure to appear interfered with the court's business in conducting a trial. The State further claims that Taylor's attendance at jury orientation provided her with the knowledge that she would be subject to contempt for failure to appear.

Arkansas Code Annotated § 16-32-106(b) (Repl. 1999), "Summons of Petit Jurors," provides that jurors shall be summoned by the sheriff by a notice dispatched by first-class mail, given personally on the telephone, or service of summons personally or by such other methods as permitted by law. Arkansas Code Annotated § 16-32-106(c)(1) provides:

> If a notice is dispatched by first-class mail, the prospective juror shall be given a date certain to call the sheriff to confirm receipt of the notice. *Not later than five (5) days before the prospective juror is to appear, the sheriff shall call the prospective juror if the prospective juror has failed to acknowledge receipt of the notice.*

(Emphasis added.) If a juror is legally summoned and fails to appear, then the court may fine the juror in an amount not less than five

dollars nor more than five hundred dollars. Ark. Code Ann. § 16-32-106(d). However, subsection (d) further provides that "nothing in this subsection shall be construed to limit the inherent power of the court to punish for contempt." Arkansas Code Annotated § 16-10-108 (Repl. 1999) empowers every court of record to have the power to punish for criminal contempt, including "willful disobedience or resistance, willfully offered, of any process or order lawfully issued or made," by a fine, not exceeding the sum of fifty dollars, or imprisonment, not exceeding ten days. The trial court thus imposed sanctions upon Taylor pursuant to both its authority to fine for failure to appear for jury duty and its general contempt power, where it imposed a fine of $150 and jail time.

■■ An act is contemptuous if it interferes with the order of the court's business and proceedings or reflects upon the court's integrity. *Hodges v. Gray*, 321 Ark. 7, 901 S.W.2d 1 (1995). The purpose of criminal contempt is to punish for disobedience of the court's order and to vindicate the dignity of the court. *Johnson v. Johnson*, 343 Ark. 186, 33 S.W.3d 492 (2000); *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988). The power to punish for contempt is inherent in the courts, and it goes beyond power given to the judges by statute. *Johnson, supra.* However, the "power to punish for contempt should never be exercised except where the necessity is plain and unavoidable if the authority of the court is to continue." *Hodges, supra,* at 14.

■ The general rule is that before a person may be held in contempt for violating a court order, the order must be in definite terms as to the duties thereby imposed, and the command must be express. *Lilly v. Earl*, 299 Ark. 103, 771 S.W.2d 277 (1989). Criminal penalties may not be imposed on an alleged contemnor who has not been afforded the protections that the Constitution requires of criminal proceedings, including notice of the charges. *Lilly, supra.; see also Ward v. Switzer, supra; Etoch v. State*, 343 Ark. 361, 37 S.W.3d 186 (2001); *Allison v. DuFresne, supra; Fitzhugh, supra.* The Due Process Clause requires that an alleged contemnor be notified that a charge of contempt is pending against him and be informed of the specific nature of that charge. *Allison, supra.*

We agree that the service of summons for jury duty failed to comply with the statutory requirements. The State suggests that Taylor "presumably knew" she would be called later for jury duty and would be subject to contempt; however, such knowledge cannot be the basis for finding Taylor in contempt. Moreover, although the summons itself is not in the record, the testimony presented at

the contempt hearing provides evidence that the service of summons did not comply with Ark. Code Ann. § 16-32-106. Taylor attended jury orientation and subsequently moved without giving a change of address. The evidence presented was that a summons was mailed, presumably by first-class mail, and that Captain Drake had found the letter in Taylor's unclaimed mail at the post office. The letter summons was not introduced into evidence, and it appears the judge did not have a copy of the letter before him, based on the following colloquy:

> THE COURT: Now, in, uh, in February — I am looking for a copy of Sue's letter. What was the date of your letter? Do you remember? The 13th?
>
> Ms. HODGES: In February, yes.
>
> THE COURT: Approximately February 13th—
>
> Ms. HODGES: I — it was when I was ordered to issue, I believe.

There was no further testimony presented that the summons stated a date certain by which Taylor would have to acknowledge receipt of the summons. Moreover, although the trial court later mentioned in the hearing that Taylor had failed to provide the clerk with a new phone number, there was no testimony that her phone number had changed or that the sheriff had even attempted to call her not later than five days before she was to appear, as required by Ark. Code Ann. § 16-32-106(c)(1).

 In *King v. State*, 312 Ark. 89, 847 S.W.2d 37 (1993), the supreme court stated that Ark. Code Ann. § 16-32-106(c)(1)

> does not require five days' notice to jurors . . . [i]t provides that when jurors are mailed a notice to serve, they are to confirm with the sheriff that it was received [and] [i]f no confirmation is given, the sheriff follows up with a telephone call to the non-responsive panel member not later than five days before trial.

Statutory service requirements must be strictly construed and compliance with them must be exact. *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996).

██ Based on the evidence presented at Taylor's contempt hearing, we find that she was not lawfully summoned to jury duty,

and therefore, could not be found in contempt. Arkansas Code Annotated § 16-32-106(d) requires that a juror be "legally summoned" before she may be fined, and under the requirement of strict construction for statutory service requirements, Taylor was not legally summoned and could not be found in contempt for failure to appear. Because we reverse and dismiss the order of contempt on this point, we need not address Taylor's remaining points on appeal.

Reversed and dismissed.

GRIFFEN and ROBBINS, JJ., agree.