Ann C. DONOVAN *v.* STATE of Arkansas

CA 05-655                                    237 S.W.3d 484

Court of Appeals of Arkansas
Opinion delivered June 21, 2006

*Doug Norwood* and *Susan Lusby*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. This appeal involves two orders of contempt against attorney Ann Donovan for failing to appear on behalf of her client in the Madison County Circuit Court. In the first order, entered on November 18, 2004, the circuit court sen-

tenced Donovan to one day in jail and a $50.00 fine, both suspended "conditioned on her not having any similar occurrences." In an order entered on March 11, 2005, the court found Donovan guilty of contempt based upon a second failure to appear. She was sentenced to another day in jail and another $50.00 fine, and her 2004 suspended sentence was revoked. She was ordered to report to the Madison County sheriff to serve her two days in jail and pay her two $50.00 fines. Donovan filed a motion for new trial, which was deemed denied by the trial court on April 14, 2005.

Although Donovan does not appeal the contempt order of November 18, 2004, she appeals the order of March 11, 2005, and the denial of her motion for new trial. She raises two points, contending that the trial court erred 1) in executing her suspended sentence for the court's prior finding that she was in contempt, and 2) in finding her guilty of criminal contempt of court without advising her of her due process rights under the United States and Arkansas Constitutions.

The State responds that Donovan's arguments are moot because, in the absence of a stay or a request for a stay, the new trial she seeks will not undo the penalty she has apparently already endured. Alternatively, the State responds that the points now raised are not preserved for review. We do not agree that Donovan's arguments are moot. The propriety of a contempt order is not moot when it is not apparent from the record that a fine has been paid. *Taylor v. State*, 76 Ark. App. 279, 64 S.W.3d 278 (2001) (citing *Central Emergency Med. Serv., Inc. v. State*, 332 Ark. 592, 966 S.W.2d 257 (1998), and *Minge v. Minge*, 226 Ark. 262, 289 S.W.2d 189 (1956)). It is not apparent from the record before us that Donovan's fine has been paid; therefore, her case is not considered moot.

For the reasons explained herein, we hold that the first point on appeal can now be raised but the second point is not preserved for our review. We reverse on the first point because the trial court erred in executing Donovan's suspended sentence.

### Procedural History

On November 9, 2004, Donovan appeared pro se at a show-cause hearing to determine whether she should be held in contempt of court for failure to appear at her client's criminal trial on October 12, 2004. The trial court's subsequent order of November 18, 2004, reflected the court's finding that Donovan

was in contempt as well as the court's sentence to the $50.00 fine and the day in jail, both suspended.

Donovan appeared pro se before the trial court at a second contempt hearing on March 8, 2005. This hearing was conducted to determine whether she should be held in contempt of court for failing to appear for a trial date in her client's behalf on January 11, 2005. Donovan testified to the court as follows:

> [O]n the fourteenth of December I called the court and asked because the crime lab was still not in, that this matter be continued[.] I was told it would be continued to January, to the January setting[.] I didn't know what date it was and I don't believe the Court did at that point in time. On the — I talked to my client on the fourteenth. . . . I was never apprised of the January 11 date by my client.

Donovan further testified that she had no actual knowledge of the January 11 court date, that she would have made arrangements to attend had she known of the specific date, and that her client knew of the January 11 date because he had kept in touch with a co-defendant.

The trial court, ruling from the bench, found Donovan in contempt of court. Noting her testimony that she had practiced before the court for many years, the court found that she was aware of the pattern of moving cases to the next court date, which was regularly the second Tuesday of the following month. The court's subsequent order of March 11, 2005, reflects the following:

> Based on the Court records which show that [Donovan] and her client, Cheyenne B. Evans, Sr. had notice of the January 11, 2005, trial date, Defendant Cheyenne B. Evans, Sr. appeared at the appropriate time but the Respondent Ann Donovan did not appear, nor did she contact this Court. Also in the recent past, Ms. Donovan has on more than one occasion failed to be in Court or have a valid reason for her absence.
>
> This Court finds that Attorney Ann Donovan is in contempt of this Court by failing to appear for her client's trial, and orders her to pay a $50 fine and to serve one (1) day in the Madison County Jail, and revokes the previous suspended sentence in the Order of November 9, 2004, that on March 12, 2005, at 8:00 a.m. she shall turn herself in to Madison Sheriff's Office to serve her Two (2) day jail sentence and pay her $100.00 fine.

1. *Whether the trial court erred in executing a suspended sentence for a prior finding that Donovan was in contempt of court*

In her first point, Donovan contends that the trial court erred in executing the suspended sentence it had imposed in the November 2004 order. The State responds that this issue is not preserved for appellate review because Donovan did not object below. In her reply brief, Donovan answers that the point can be raised because it involves an illegal sentence, an issue that can be raised for the first time on appeal. We agree that the execution of the suspended sentence was illegal and therefore can now be raised.

Citing *J.M. Harrison v. Terry Dairy Products Co., Inc.*, 225 Ark. 953, 287 S.W.2d 472 (1956), Donovan argues that the execution of her suspended sentence should be reversed as a matter of law. She asserts that a sentence is remitted when a court imposes a suspended sentence upon one whom it has just found guilty of contempt of court, and the court may not later revoke the suspended sentence as it can in an ordinary criminal case.

Our supreme court has noted the apparent lack of authority for a trial court to indefinitely suspend sentences in contempt cases. *Id.* (citing *Stewart v. State*, 221 Ark. 496, 254 S.W.2d 55 (1953)). Here, jail time and a fine were assessed and suspended by the trial court's order of November 18, 2004, but no time period was given for the suspension. We hold that the trial court erred in ordering this indefinite suspension.

Furthermore, Donovan's one-day suspended sentence, entered by the trial court's order of November 18, 2004, expired on November 19, 2004. A sentence is imposed when a court pronounces a fixed term of imprisonment as opposed to simply specifying a definite period of probation, and the probationer can be required to serve only the remainder of the time imposed. *Lyons v. State*, 35 Ark. App. 29, 813 S.W.2d 262 (1991); *Gautreaux v. State*, 22 Ark. App. 130, 736 S.W.2d 23 (1987); *see also* Ark. Code Ann. § 5-4-307 (Repl. 2006). Thus, on March 11, 2005, there was no remainder of the jail time previously imposed, and the trial court erred as a matter of law in executing the suspended sentence on that date.

We reverse and dismiss the execution of Donovan's suspended sentence for the one-day sentence to jail and the $50.00 fine that had been imposed on November 18, 2004.

*2. Whether the trial court erred in finding Donovan guilty of criminal contempt without advising her of her due process rights under the United States and Arkansas Constitutions*

In this point on appeal, Donovan requests that we reverse and dismiss the trial court's second order of contempt, entered on March 11, 2005. Donovan contends that she was not advised of her due process rights under the United States and Arkansas Constitutions, including the rights to notice of the charge against her, to a jury trial, to the presumption of innocence, and to assistance of counsel. She acknowledges being served with an order to show cause and notice, but she argues that it was not specific about why she was being charged with contempt. She asserts that she was not informed about any of her constitutional rights or potential penalties for the charge, nor of her right to an attorney and to the appointment of an attorney should she not be able to afford one. She also asserts that she was put in the position of having to show the court why it should not find her in contempt rather than having the State prove that she was guilty of contempt beyond a reasonable doubt. Finally, Donovan asks that our supreme court "reconsider and expand its own rulings regarding the right to a jury trial for purposes of determining the applicability of the constitutional right to a jury trial under the Arkansas Constitution."

Criminal penalties may not be imposed on an alleged contemnor who has not been afforded the protections that the Constitution requires of criminal proceedings. *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988). The Due Process Clause, as applied in criminal proceedings, requires that an alleged contemnor be notified that a charge of contempt is pending against him and be informed of the specific nature of that charge. *Id.* If the failure to comply with a judge's order is indirect contempt, that is, outside of the trial judge's presence, the alleged contemnor is entitled to the due process protections of notification of the accusation and a reasonable time to make a defense. *Ivy v. Keith*, 351 Ark. 269, 92 S.W.3d 671 (2002). Before a person can be held in contempt for violating a court order, the order must be definite in its terms, clear as to what duties it imposes, and express in its commands. *Id.* In *Perroni v. State*, 358 Ark. 17, 186 S.W.3d 206 (2004), our supreme court noted, "[T]o date, this court has only held that due process requires, in criminal contempt proceedings, that an alleged contemnor be notified that a charge of contempt is

pending against him and be informed of the specific nature of that charge." *Id.* at 29, 186 S.W.3d at 214 (citing *Fitzhugh v. State, supra*).

Our supreme court has repeatedly observed that an objection first made in a motion for new trial is untimely. *Lee v. Daniel,* 350 Ark. 466, 91 S.W.3d 464 (2002). The *Lee* court explained:

> First, we point out that, when a motion for new trial has been deemed denied in accordance with Ark. R. App. P.—Civ. 4(b)(1), the only appealable matter is the original judgment or order. *See Monk v. Farmers Ins. Co.,* 290 Ark. 38, 716 S.W.2d 201 (1986). This court has also repeatedly held that an objection first made in a motion for new trial is not timely. For example, in *Warnock v. Warnock,* 336 Ark. 506, 988 S.W.2d 7 (1999), this court declined to reach an equal protection argument, holding that it would not address a constitutional issue if it was not brought to the trial court's attention for a ruling during trial or at some point prior to the entry of final judgment. In *Selph v. State,* 264 Ark. 197, 570 S.W.2d 256 (1978), this court noted that the reason for requiring an objection before the trial court is to discourage "sandbagging" on the part of lawyers who might otherwise take a chance on a favorable result, and subsequently raise a constitutional claim if the gamble did not pay off. *Selph,* 264 Ark. at 204, 570 S.W.2d 256. *See also Wilson v. Wilson,* 270 Ark. 485, 606 S.W.2d 56 (1980); *Hodges v. State,* 27 Ark. App. 154, 767 S.W.2d 541 (1989) (allowing a party to raise an objection for the first time in a motion for new trial would give them "license to lie behind the log," waiting to see if they obtain an adverse verdict before complaining about any alleged irregularities).

*Lee,* 350 Ark. at 476–77, 91 S.W.3d at 470–71. *See also Ivy v. Keith,* 351 Ark. at 282, 92 S.W.3d at 679 (refusing to consider constitutional claims not raised to the trial court that an attorney found in criminal contempt was deprived of due-process rights to counsel and a jury trial and that the burden was impermissibly shifted); *Hodges v. Gray,* 321 Ark. 7, 18, 901 S.W.2d 1, 6 (1995) (refusing to consider lack-of-notice and opportunity-to-defend claims in a contempt appeal when they were not raised below).

Here, the contempt order of March 11, 2005, made no mention of constitutional issues, nor, insofar as shown in the abstract, were any constitutional arguments raised to the trial court. It was only in the motion for a new trial, filed on March 15, 2005, that Donovan claimed that she had been denied her consti-

tutional rights with regard to the contempt proceeding. Because her claims were not raised to the trial court until being presented in the motion for new trial, they are not preserved for appellate review. We therefore affirm the second conviction of contempt, entered on March 11, 2005.

Reversed in part and affirmed in part.

NEAL and BAKER, JJ., agree.