Rosine and David KNOTT *v.* Ted CARR, et al.

CA 07-883                                                287 S.W.3d 614

Court of Appeals of Arkansas
Opinion delivered September 17, 2008

Robert F. Morehead, for appellant.

R. Victor Harper, for appellee.

SARAH J. HEFFLEY, Judge. Appellants were found in contempt and ordered to pay appellees $750 in reimbursement for attorney's fees. On appeal, appellants contend that the order they were held to have violated was not clear and definite in its terms and they did not purposefully violate the court's order. We reverse the finding of contempt.

In 1998, a dispute arose between the Jefferson County Road Department ("the County") and appellants, whose property adjoined a roadway known as Shepherds Island Road, Knott Island Road, or Knotts Island Road. The County filed a complaint asserting that it had maintained and repaired the road for a period in excess of seven years; that the public had acquired an easement by prescription for use of the road; and seeking a declaratory judgment that the road was a public road. The County alleged that appellants had recently thwarted its maintenance efforts and interfered with its right to maintain and improve the road. The court issued a temporary order on November 24, 1998, granting the County the authority to engage in repairs and upkeep on the road pending a final order on the matter. However, in its final order filed August 19, 1999, the circuit court found that the County had failed to meet its burden of proof and that the road was not a public road.

On December 5, 2003, the appellees, whose property is accessible only by Knotts Island Road, filed a complaint asking the trial court to find that they had a prescriptive easement for ingress, egress, and utility purposes. Appellees sought an injunction to bar appellants from interfering with appellees' use of the road and asked the court to declare the road a public road for all future purposes. Appellees contended that despite their repeated attempts

to maintain the road, the appellants had threatened and impeded maintenance attempts and had impeded use of the road. On November 3, 2005, the circuit court entered an order stating:

1. All of the landowners along Knotts Island Road have the equal right to maintain and improve this road without any interference or permission of any party to this action. This order is effective immediately.

2. This order does not affect any previous order dealing with the rights of Jefferson County.

3. Based on the reasoning of *Carson v. County of Drew*, 354 Ark. 621, 128 S.W.3d 423 (2003) and *Gazaway v. Pugh*, 69 Ark. App. [297], 12 S.W.3d 662 (2000), the Court finds and orders that Knotts Island Road is a public road.

4. That this Court retains jurisdiction of the matter for enforcement purposes.

On March 5, 2007, appellees filed a motion for contempt, arguing that appellants had prevented the Department from performing the necessary maintenance of Knotts Island Road and that appellants' actions were in "absolute disregard" of the court's November 3 order. A hearing on the matter was held May 10, 2007. Betty Raiford, one of the appellees, testified that after the previous trial had concluded, her understanding was that if the road was a public road, the county could maintain the road. She testified that she contacted the judge and verified that the County could now come in and take care of the road, and after her conversation with the judge, the county did in fact begin maintaining the road at her request.

Rosine Knott, one of the appellants, testified that she called the County on December 14, 2006, after she saw them grading the road and told them that the County had no right to be there. Ms. Knott acknowledged that the other property owners had a right to maintain the road, but she insisted that they did not have the right to ask the County to maintain the road. After questioning from the court, Ms. Knott explained that her concern with the County performing the road maintenance was that the county would acquire rights to the road and it would be declared a county road.

David Knott also testified that he had called the County and complained, specifically taking issue with a "county road" sign that had been erected beside the road. Mr. Knott testified that he

understood the court had ordered that nobody interfere with the road being maintained, "except for the part that you had in the order about the County not being privy to that." Mr. Knott explained that his understanding of the court's order was that the other property owners can get whoever they want to help grade the road, but the County could not be involved.

Angelo Walker, an employee with the County, testified that based on the telephone calls received from the Knotts, the County had ceased to work on the road and had not done any work on the road since December 2006. He testified that the County had erected the "county road" sign and performed maintenance of the road at the direction of the county judge, but after the complaints were received, the County was directed to erect a "private road" sign until the matter was settled, which it did. Walker testified that the County had worked on the road several times in 2006 prior to receiving the complaints from appellants.

In an order filed June 4, 2007, the court found that appellants had "unreasonably interfered" with appellees' attempts to have the road maintained, and appellants' actions were in violation of the court's previous order. The court found that appellants were in willful contempt and ordered them to (1) not interfere with the County's maintenance of the road and (2) pay appellees the sum of $750 for reimbursement of their attorney's fees. Appellants now appeal the finding of contempt to this court.

In a contempt case, the first question this court must address in deciding whether the contempt sanctions imposed were appropriate is whether the contempt was civil or criminal. *Conlee v. Conlee*, 370 Ark. 89, 257 S.W.3d 543 (2007). Our supreme court has explained the two types of contempt:

> Contempt is divided into criminal contempt and civil contempt. Criminal contempt preserves the power of the court, vindicates its dignity, and punishes those who disobey its orders. Civil contempt, on the other hand, protects the rights of private parties by compelling compliance with orders of the court made for the benefit of private parties. . . . In determining whether a particular action by a judge constitutes criminal or civil contempt, the focus is on the character of relief rather than the nature of the proceeding. Because civil contempt is designed to coerce compliance with the court's order, the civil contemnor may free himself or herself by complying with the order. . . . Criminal contempt, by contrast, carries an unconditional penalty, and the contempt cannot be purged.

*Ivy v. Keith*, 351 Ark. 269, 279-80, 92 S.W.3d 671, 677-78 (2002) (internal citations omitted). From the above explanation, it is clear that the fine imposed in the present case was based on a finding of criminal contempt.

The standard of review for a case of criminal contempt is well settled: an appellate court views the record in a light most favorable to the trial judge's decision and will sustain the decision if supported by substantial evidence. *Conlee, supra.* For a person to be held in contempt for violating a court order, that order must be clear and definite as to the duties imposed upon the party, and the directions must be expressed rather than implied. *Wakefield v. Wakefield*, 64 Ark. App. 3, 984 S.W.2d 32 (1998).

On appeal, appellants argue that they were simply trying to follow the prior orders of the court while at the same time protecting their interest in the road "to avoid the danger of having the road declared to be a county road as opposed to merely a public road." Appellants acknowledge that the November 3 order clearly states that all landowners along the road had the equal right to maintain and improve the road without interference. However, appellants contend that by also stating in the order that it did not affect any previous order dealing with the county road department, "any reasonable person would conclude from those prior orders that Jefferson County, Arkansas was not supposed to be on the road . . . and that appellants had every right to tell the county to get off the road." Appellants assert there is no basis for the finding that they purposely violated the prior orders of the court, and they contend this is not a proper case for a finding of contempt because "[t]here obviously was some confusion on the part of the appellants" as to what role the county could play in maintaining the road.

We agree that this is not a proper case for a finding of contempt. As stated previously, for a party to be held in contempt for violating a court order, that order must be clear and definite as to the duties imposed upon the party, and the directions must be expressed rather than implied. *Wakefield, supra.* The trial court's order specifically noted that it did not affect any previous order dealing with the rights of Jefferson County, and in the previous order, the court found that the County had no right to maintain the road. The trial court's order did not make clear that the County now had a right to maintain the road if it was at the request of appellees. And there is no indication that appellants were aware

that the County was performing maintenance at appellees' request at the time appellants lodged their complaints. Accordingly, we reverse the finding of contempt.

Reversed.

GLADWIN, ROBBINS, GLOVER, and BAKER, JJ., agree.

GRIFFEN, J., dissents.

WENDELL L. GRIFFEN, Judge, dissenting. I disagree with the majority's conclusion that the order was not definite and clear in its terms. The circuit court found that Knotts Island Road was a public road and declared that all landowners had an equal right to maintain and improve the road without interference. This gave the county the right to repair the road. By telling the county to stop grading the road, appellants violated the clear terms of the order, warranting the contempt citation. My colleagues have held to the contrary; therefore, I respectfully dissent.

Disobedience of any valid order of a court having jurisdiction to enter it may constitute contempt, punishment for which is an inherent power of the court. *Aswell v. Aswell*, 88 Ark. App. 115, 195 S.W.3d 365 (2004). An act is deemed contemptuous if it interferes with the order of the court's business or proceedings or reflects upon the court's integrity. *Ward v. Switzer*, 73 Ark. App. 81, 40 S.W.3d 325 (2001). Before a person may be held in contempt for violating a judge's order, the order alleged to be violated must be definite in its terms as to duties imposed, and the command must be express rather than implied. *Johnson v. Johnson*, 343 Ark. 186, 33 S.W.3d 492 (2000). Because this case involves criminal contempt, for the reasons stated in the majority opinion, this court is obligated to affirm if the decision is supported by substantial evidence.

Before analyzing this case, I must make two corrections to the majority's statement of the facts. First, the majority omits a full discussion of Ms. Knott's testimony, wherein she often referred to Knotts Island Road as a "private road," despite the order declaring it to be a public road. This fact undermines appellants' argument that they were not willful in their defiance of the circuit court's order. Second, at the end of their analysis, the majority opinion recites that the circuit court "found that the County had no right to maintain the road in 1999." This is incorrect. The August 17, 1999 order merely recited that the county failed to meet its burden of proving that it was entitled to have Knotts Island Road declared a public road.

Appellants' argument is twofold. First, they contend that they were not violating the order by prohibiting only the county from coming upon the property. They contend that the previous order allowed the other plaintiffs to maintain the road, but it did not give the county that right. They also point to previous litigation where the County failed to prove that Knotts Island Road was a county road. Second, the Knotts assert that they did not *willfully* disregard the prior orders of the court. They argue that there was no ruling declaring Knotts Island Road to be a county road and that they prevented the county from working on the road in order to prevent such a designation in the future.

To accept appellants' arguments, one must distinguish between a county road and a public road. At least in this case, this is a distinction without a difference. A public road is a county road, which the entire public travels, and in which it is interested. *Easley v. Patterson*, 142 Ark. 52, 218 S.W. 381 (1920). At the hearing, appellants contended that their actions were intended to prevent the county from having an interest in Knotts Island Road, but by virtue of the order declaring Knotts Island Road to be a public road, the county obtained an interest in the road. It makes little sense to acknowledge the public's right to travel on the road, yet continually refer to the road as a "private road" and deny the county's right to maintain the road. Because it was a public road, appellants had no right to prevent the county from maintaining it. This was certainly clear in the circuit court's order. By preventing the county from maintaining the road, appellants were in direct defiance of the previous order, warranting the contempt citation.

Despite the clarity of the order and appellants' defiance of that order, this court has held that the circuit court erred in finding appellants in contempt. I cannot accept that result or the reasoning behind it. Therefore, I respectfully dissent.