2010 Ark. App. 79

**Ryecus Cranall WARD, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–741.**

Court of Appeals of Arkansas.

Jan. 27, 2010.

Anderson, Murphy & Hopkins, LLP, Little Rock, by: Jarrod Russell, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Ryecus Ward appeals the revocation of his suspended sentence and probation by the Washington County Circuit Court. On appeal, he argues that his 197–month sentence, with forty-seven months' suspended, is illegal. We affirm.

On July 10, 2006, appellant entered a guilty plea on a charge of failure to appear for trial on February 7, 2006, on one count of felon in possession of a firearm, and on one count of terroristic threatening. The circuit court imposed a suspended sentence of 108 months in case CR 2006–335–2 ("2006 case"). On April 28, 2008, appellant entered a plea of guilty on a charge of failure to appear for an arraignment on November 2, 2007, on charges of domestic battery in the third degree, robbery, and furnishing prohibited articles. The court sentenced appellant to seventy-two months' probation in case CR 2007–2525–2 ("2007 case"), and the judgment and disposition order contained a notation of "PEN/36/RCF/AS."

On November 6, 2008, the State filed a motion for revocation of probated sentence in both the 2006 and 2007 cases based on alleged violations on May 2, June 3, August 26, and September 18, 2008, that included testing positive for marijuana and amphetamines on June 3, 2008. Additionally, the motion alleged violations including a September 10, 2008 violation of driving on a suspended license, failure to enroll in a court-ordered D.A.I.U. program, as well as late or nonpayment of court costs, county restitution, booking fees, and probation fees. An amended motion for revocation of probated sentence was entered on March 6, 2009, which incorporated the previously alleged violations and added a January 23, 2009 positive test for both marijuana and cocaine.

A hearing was conducted on the motion on March 9, 2009, after which the circuit court revoked the suspended sentence and probation based on findings that appellant had tested positive four times for marijuana, one time for cocaine, and one time for amphetamines. The circuit court sentenced appellant to thirty months for the 2006 case and 120 months for the 2007 case, for a total of 150 months in the Arkansas Department of Correction. The circuit court also sentenced appellant to an additional forty-seven months' suspended imposition of sentence for the 2006 case, for a total of 197 months with forty-seven months suspended. The circuit court did not address the notation of "PEN/36/RCF/AS" contained in the judgment and disposition order in the 2007 case. A judgment and commitment order was filed on March 9, 2009, and an amended judgment and commitment order was filed on March 12, 2009. Appellant filed a timely notice of appeal on April 3, 2009. This appeal followed.

*Standard of Review & Applicable Law*

It is well settled that an appellant may challenge a void or illegal sentence for the first time on appeal, even if he or she did not raise the argument before the trial court. *E.g., Donaldson v. State,* 370 Ark. 3, 257 S.W.3d 74 (2007). This court has made it clear that we view the issue of a void or illegal sentence as one of subject-matter jurisdiction, which may be reviewed on appeal. *Id.* A sentence is void or illegal when the circuit judge lacks the authority to impose it. *Id.* If we hold that a trial court's sentence was illegal and that the error had nothing to do with guilt, but only with the illegal sentence, we can correct the sentence in lieu of remanding. *See Harness v. State,* 352 Ark. 335, 101 S.W.3d 235 (2003).

Additionally, our supreme court has held that an appellant can challenge an illegal sentence for the first time on appeal, ob-

serving that "for purposes of appellate review, the issue of an illegal sentence is not solely whether it is within the prescribed statutory range, but whether the trial court had authority to impose the sentence." *Donaldson*, 370 Ark. at 6, 257 S.W.3d at 77.

### Discussion

Appellant initially raises the question as to whether the suspended imposition and the sentence of probation were imposed upon him. In *Donovan v. State*, 95 Ark. App. 378, 237 ⌊4S.W.3d 484 (2006), this court indicated that a sentence is imposed when a court pronounces a fixed term of imprisonment as opposed to simply specifying a definite period of probation, and the probationer can be required to serve only the remainder of the time imposed. *See also* Ark.Code Ann. § 5–4–307 (Repl. 2006). Appellant argues that *Donovan* confirms that a suspended imposition of sentence is imposed when pronounced by a circuit court. Following that precedent, he submits that the suspended imposition of sentence in the 2006 case was imposed on July 10, 2006, when the judgment and disposition order was entered.

Regarding the probationary sentence in the 2007 case, appellant acknowledges that a probated sentence and fine are normally not considered "imposed," and upon revocation, the circuit court can impose any sentence that it could have originally imposed, pursuant to Arkansas Code Annotated section 5–4–309(f)(1)(A) (Repl.2006); [1] *see also Cox v. State*, 365 Ark. 358, 229 S.W.3d 883 (2006). He suggests, however, that this case presents an issue not previously addressed by the court. Specifically, appellant refers to the notation on the judgment and disposition order, which he claims was a thirty-six-month presumptive sentence to be imposed in the event appel-

lant's probation was revoked. He maintains that the presumptive sentence should have precluded the circuit court from entering a higher sentence when it revoked appellant's probation. Instead of following the presumptive sentence of thirty-six months, the circuit court imposed a sentence of 120 months related to the 2007 case.

⌊5Appellant submits that both the suspended imposition of sentence and the sentence of probation, through the presumptive ·sentence, were imposed sentences. As such, he addresses the maximum penalty available under each sentence. Appellant states that, in the 2006 case, approximately seventy-six months were remaining on that imposed sentence as of the March 9, 2009 hearing. At the same time, in the 2007 case, he maintains that he had twenty-five months remaining on the "presumptive sentence." Accordingly, appellant urges that the maximum penalty available to be imposed was 101 months. He points out that, even if the court were to apply the entire "presumptive sentence" of thirty-six months as of the date of the hearing, it would result in a maximum possible sentence of 112 months. Accordingly, appellant contends that the circuit court imposed a 197–month sentence that was either ninety-six months or eighty-five months longer than the maximum penalty available. As such, he argues that the sentence imposed is illegal on its face and should be reversed.

■ Additionally, appellant argues that the circuit court should have run the sentences concurrently, which would have resulted in a maximum potential penalty of seventy-six months. However, appellant does acknowledge *Maldonado v. State*, 2009 Ark. 432, 2009 WL 3047345, which allows the circuit court to impose consecu-

---

1. Now codified at Arkansas Code Annotated   section 5–4–309(g)(1)(A) (Supp.2009).

tive sentences. We note that the mandate in *Maldonado* was issued on October 14, 2009, and hold that the case is controlling law for the issue of running the sentences consecutively. The decision is supported by well-established precedent that a circuit court has wide discretion to impose a sentence consecutively or concurrently. *See Smith v. State*, 354 Ark. 226, 118 S.W.3d 542 (2003).

We hold that the prescribed sentence in the 2006 case of thirty months with an additional forty-seven months' suspended was within the circuit court's authority. We note that the holding in *Donovan* is distinguishable, in that it dealt with a suspended imposition of sentence in a contempt action.

It follows that the remaining issue is whether the judgment and disposition order in the 2007 case was an imposed sentence. Appellant argues that such is the only reasonable interpretation of the portion of the order in the 2007 case that states, "Presumptive Sentence: PEN 36/ RCF/AS." He points out that the notation immediately follows the designation of presumptive sentence.

Pursuant to the plain language of Arkansas Code Annotated sections 5–4– 301(d)(2) and 5–4–309(f)(1)(A) (Repl.2006), following the revocation of probation or a suspended sentence, a circuit court is authorized to modify the original order and impose any sentence that originally could have been imposed. The State acknowledges, however, that the circuit court's authority to modify an order of probation may be limited by Arkansas Code Annotated section 16–93–402(c)(5) (Repl.2006), which states in part that the circuit court may revoke the probation and require a defendant *to serve the sentence imposed or any lesser sentence which might have been originally imposed.* (Emphasis added.) Our supreme court held in *Cox, supra,*

that this code section does not conflict with other sentencing provisions because it applies only when probation follows an imposed sentence.

Because appellant was convicted of a Class C felony, the circuit court could have originally sentenced him to ten years' imprisonment for failure to appear. Ark. Code Ann. § 5–4–401(a)(4) (Repl.2006). The sentence imposed as a result of revocation in the 2007 cases did not exceed the statutory maximum for the underlying offense, and was thus not illegal on its face. We disagree that the probation order contained a presumptive sentence of thirty-six months' imprisonment that, upon revocation, limited the circuit court to a sentence not to exceed thirty-six months. We hold that the notation "PEN 36/RCF/AS" is an insufficient basis for appellant's allegation that the circuit court unambiguously intended to impose a presumptive sentence of thirty-six months in the event appellant failed to comply with the conditions of his probation.

Appellant bears the burden of producing a record demonstrating error. *See Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2002). Additionally, judgments are generally construed like other instruments, and the determinative factor is the intention of the circuit court gathered from the judgment itself and the record, including the pleadings and the evidence. *Lewis v. State*, 336 Ark. 469, 986 S.W.2d 95 (1999). Although the record in this appeal does not contain the transcript from the original 2008 sentencing hearing, the judgment and disposition order indicates that appellant was placed on probation for a specific period of time and assigned to the department of probation rather than to the county jail or any other facility. Additionally, the document setting out appellant's conditions of probation specifically provides that "if

the [c]ourt revokes your suspended sentence or probation ... it may impose on you a sentence of 10 years." There is no mention of any presumptive sentence—of thirty-six months or otherwise. Our review of the entire record reveals that the circuit court intended to place appellant on probation for seventy-two months and that no other sentence was imposed. Accordingly, we hold that the circuit court was within its authority to revoke the original sentences and prescribe the resulting sentence and also was within its authority to run the prescribed sentences consecutively.

Affirmed.

MARSHALL and BAKER, JJ., agree.