SLIP OPINION

Cite as 2015 Ark. App. 225

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-959

| | |
|---|---|
| STEVEN LYNN WILLIAMS<br>APPELLANT | **Opinion Delivered** April 8, 2015<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[No. 26DR-12-359] |
| V. | |
| STATE OF ARKANSAS<br>OFFICE OF CHILD SUPPORT<br>ENFORCEMENT<br>APPELLEE | HONORABLE VICKI SHAW COOK,<br>JUDGE<br><br>REVERSED |

## LARRY D. VAUGHT, Judge

Appellant Steven Lynn Williams appeals the Garland County Circuit Court's order holding him in contempt for failure to pay child support. Appellant argues that the circuit court erred in failing to dismiss appellee Arkansas Office of Child Support Enforcement's (OCSE) motion for citation and erred in finding him in contempt. We reverse the circuit court's contempt order.

On March 18, 2014, OCSE filed a motion for citation against Williams, alleging that on May 23, 2012, a Florida child-support order against Williams had been properly registered in Arkansas, the Florida order had an accrued arrearage in the amount of $45,298.01, Williams had willfully refused to comply with the order, and Williams should be held in contempt. OCSE sought an order jailing Williams for contempt and an order of immediate withholding for current support, arrearages, and health-care insurance coverage. Williams,

appearing pro se, filed a motion to dismiss on May 2, 2014. On June 6, 2014, he filed an answer. On June 16, 2014, he filed a motion for judgment on the pleadings.[1] Williams requested a hearing on his motions to dismiss, which was set for June 25, 2014, and was later reset for July 23, 2014. The order made clear that the July 23, 2014 hearing would be on Williams's motions to dismiss.

On July 23, 2014, the parties appeared for the hearing. At the outset, OCSE stated that the underlying motion for contempt was ripe to be heard that day. Williams objected, stating that the hearing was set on his motions to dismiss. The court overruled his objection, stating that "this is the final hearing today." Williams made it clear that he did not have witnesses to present on the underlying contempt charge because he was prepared to discuss only his motions.

OCSE called Williams as its own witness. He admitted that there was a Florida child-support judgment against him. He admitted that he had attempted to appeal the registration of the Florida judgment in Arkansas but that appeal had been dismissed. However, when asked if he had made any payments on the Florida judgment, Williams did not answer. Instead, he repeatedly stated that OCSE had the burden of proving nonpayment. After two unsuccessful attempts to get Williams to admit that he had made no payments toward the Florida judgment since it had been registered in Arkansas, the attorney for OCSE simply told the court that he had not. The attorney stated that the judgment was for $45,298.01

---

[1]Williams's motion to dismiss and his motion for judgment on the pleadings presented the same arguments for dismissal and have been addressed collectively by both the lower court and the parties on appeal. Accordingly, we refer to both as Williams's motions to dismiss.

when it was registered in 2012 and that "Florida is a state that charges interest so I'm sure it's up to seventy-five grand or more by now."

The court then gave Williams an opportunity to present his case. He first argued that the only issue before the court at the hearing that day was his motions to dismiss. The court disagreed, saying they were there on his motions and the underlying contempt issue. When Williams attempted to argue that the case should be dismissed because OCSE had failed to state a claim, the court responded, "And I denied that motion."

The court then found Williams in contempt for failure to pay child support and ordered that he be held in custody until he paid $5,000 toward the arrearage. As he was being taken from the courtroom, Williams attempted to argue that there was no evidence of willfulness, but was escorted out by the bailiff. On August 1, 2014, the court entered an order holding Williams in contempt. The order stated that Williams's motions were denied. It found that Williams had not made a payment since the Florida judgment was registered in Arkansas in May 2012, that he was in willful and wanton contempt, and that he should be jailed until he paid $5,000. Williams filed a timely notice of appeal.

In reviewing the circuit court's denial of Williams's motions to dismiss,

[W]e treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief.

*Ark. Dep't of Envtl. Quality v. Oil Producers of Ark.*, 2009 Ark. 297, at 5, 318 S.W.3d 570, 572–73 (quoting *Ark. Tech Univ. v. Link*, 341 Ark. 495, 501, 17 S.W.3d 809, 812 (2000) (internal citations omitted) (alteration in the original)). We will not overturn the denial of a motion to

dismiss absent a finding of abuse of discretion. *S. Coll. of Naturopathy v. State ex rel. Beebe*, 360 Ark. 543, 203 S.W.3d 111 (2005).

Our standard of review for civil contempt is whether the finding of the circuit court is clearly against the preponderance of the evidence. *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 449, 156 S.W.3d 228, 235 (2004).[2] In order to establish contempt, there must be willful disobedience of a valid order of a court. *Ivy v. Keith*, 351 Ark. 269, 279, 92 S.W.3d 671, 677 (2002).

Arkansas law distinguishes between direct and indirect contempt. Ark. Const., art. 7, § 26; Ark. Code Ann. § 16-10-108 (Repl. 1999); *Allison v. DuFresne*, 340 Ark. 583, 12 S.W.3d 216 (2000); *Davis v. Merritt*, 252 Ark. 659, 480 S.W.2d 924 (1972). Direct contempt is a contemptuous act committed within the immediate presence of the court, while indirect contempt occurs outside the presence of the court and must be proved by evidence. *Merritt*, 252 Ark. at 670, 480 S.W.2d at 930. Williams's alleged failure to pay child support occurred outside the presence of the court, making this an issue of indirect contempt.

Williams argues that the circuit court erred in denying his motions to dismiss. Williams argues that OCSE failed to state a claim, made only conclusory allegations, and failed to plead sufficient facts. In reviewing a circuit court's decision on a motion to dismiss,

---

[2]Criminal contempt preserves the power of the court, vindicates its dignity, and punishes those who disobey its orders, while civil contempt protects the rights of the parties by compelling compliance with court orders. *Omni Holding & Dev. Corp.*, 356 Ark. at 449, 156 S.W.3d at 235. Criminal contempt punishes while civil contempt coerces. *Applegate v. Applegate*, 101 Ark. App. 289, 275 S.W.3d 682 (2008); *Baggett v. State*, 15 Ark. App. 113, 116, 690 S.W.2d 362, 364 (1985). Therefore, the focus is on the character of relief rather than the nature of the proceeding. *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988). Here, it is clear that the court's order holding Williams in contempt for failure to pay child support and ordering that he be jailed until he paid $5,000 toward the arrearage constituted civil rather than criminal contempt.

SLIP OPINION

we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, at 4–5, 372 S.W.3d 324, 329–30. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.*, 372 S.W.3d at 329–30. However, Arkansas is a fact-pleading state, and a complaint must state facts, not mere conclusions, in order to satisfy the requirements of Rule 8 of the Arkansas Rules of Civil Procedure. *Doe v. Weiss*, 2010 Ark. 150, at 3.

We find no abuse of discretion as to the circuit court's decision to deny Williams's motions to dismiss. Our review reveals that OCSE's motion for citation stated sufficient facts that, when taken as true, could establish contempt. OCSE alleged the existence of a properly registered child-support order, the accrual of an arrearage, and willful refusal to comply with the order. Williams is mistaken in asserting that these allegations were conclusory.

However, as to the circuit court's order holding Williams in contempt, the record reveals that OCSE presented no evidence of noncompliance with the Florida judgment. The attorney's unsworn statements to the court that Williams had not paid were neither testimony nor evidence. As discussed above, evidence is required to prove indirect contempt, which occurs outside the presence of the court. *Ivy*, 351 Ark. at 280–81, 92 S.W.3d at 678. As there was no such evidence before the circuit court as to Williams's alleged failure to pay child support, the court's order holding Williams in contempt was clearly against the preponderance of the evidence. Accordingly, we reverse the contempt order.

Reversed.

ABRAMSON and KINARD, JJ., agree.

*Steven Lynn Williams*, pro se appellant.

*Greg L. Mitchell*, for appellee.