Cite as 2023 Ark. App. 364

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-689

|  |  |
|---|---|
| | **Opinion Delivered** September 6, 2023 |
| CHRISTIAN PAIGE PARNELL AND CHRISTIAN CONSTRUCTION, INC. | |
| APPELLANTS | APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT [NO. 56CV-21-29] |
| V. | |
| | HONORABLE MARY LILE BROADAWAY, JUDGE |
| SNJ TRUCK SERVICE, INC. | |
| APPELLEE | AFFIRMED |

**N. MARK KLAPPENBACH, Judge**

Appellants Christian Paige Parnell and Christian Construction, Inc., appeal the order of the Poinsett County Circuit Court holding them in contempt. We affirm.

SNJ Truck Service, Inc., filed suit against appellants asserting, among other claims, a claim for specific performance related to an agreement to sell real property owned by Parnell.[1] The circuit court granted SNJ's motion for summary judgment upon finding that SNJ was entitled to specific performance. The court ordered appellants to convey the "missing land" per the terms of the contract, which required the land to be conveyed with good and marketable title. To accomplish this, the court ordered appellants to execute and

---

[1] Although the property was owned by Christian Paige Parnell, the sale was facilitated by her father and agent, Jay Parnell. Jay Parnell is also an agent of Christian Construction, Inc.

deliver to SNJ three documents: a warranty deed, an affidavit to be signed by Parnell, and an affidavit of heirship.

Appellants had not returned any of the documents by the deadline set by the order or by the extended deadline offered by SNJ's attorney. SNJ subsequently filed a motion for contempt. Prior to the contempt hearing, appellants provided SNJ with the warranty deed and Parnell's affidavit, but they did not provide the affidavit of heirship. According to the affidavit of heirship, the affiant was required to be someone who knew William James Swan and Emma Lallie Swan during the couple's lifetimes but who was not an heir of the couple. The affidavit listed the Swans' nine children and heirs but required the affiant to list the heirs of three of the Swans' deceased children.[2]

At the contempt hearing, SNJ's attorney argued that the affidavit of heirship was required for marketable title and that the court should order appellants to spend the time and money to find someone to execute it. SNJ argued that to identify heirs for the affidavit, appellants could perform an internet search, contact the personal property tax assessor and real estate tax assessor, or hire a commercial firm to perform an heir search. The last time SNJ's attorney engaged a commercial heir-search firm, the cost was four thousand dollars. Appellants argued that they had been unable to find someone who could execute the affidavit and that they did not know the names of all the heirs. They argued that the Swans had died thirty-five years ago and that their heirs had "scattered." SNJ argued that if

---

[2]The record indicates that Jay Parnell is a grandchild of the Swans.

appellants could not establish good and marketable title through the affidavit of heirship, appellants could file a quiet-title action concerning the property based on their ownership and the payment of taxes.

The court held appellants in contempt for their failure to provide all signed documents conveying title to the subject property as previously ordered by the court. The court stated that it was "sympathetic to the difficulty" in obtaining a signature on the affidavit of heirship, but it found that appellants contractually agreed to provide good and marketable title to the property. The court ordered appellants to pay four thousand dollars to SNJ "in order that [SNJ] may pursue a quiet title action, or obtain an Affidavit of Heirship."

Having considered the court's order that appellants shall pay a fine to SNJ, we agree with the parties that this is a matter of civil contempt. *See Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 454, 156 S.W.3d 228, 238 (2004) (holding that a contempt fine for willful disobedience that is payable to the complainant is remedial and therefore constitutes a fine for civil contempt). The standard of review for civil contempt is whether the finding of the circuit court is clearly against the preponderance of the evidence. *Id.*

Appellants argue that the order of contempt should be reversed because the execution of the affidavit of heirship was beyond their control. Contempt may be established when the offending party willfully disobeyed a valid order of the court. *Furr v. Furr*, 2018 Ark. App. 132, 540 S.W.3d 338. However, before one can be held in contempt for violating the court's order, the order must be definite in its terms and clear as to what duties it imposes.

3

*Id.* Finally, if the alleged contemnor is without the ability to comply with the order, a court's contempt power may not be exercised. *Id.*

In *Furr*, both parties were held in contempt for failure to file a joint tax return. However, this court reversed the contempt finding against appellant because the evidence demonstrated that her failure to file a joint tax return was not due to willful disregard but was instead due to her ex-husband's refusal to provide the necessary documents. We held that appellant was without the ability to comply, and thus, her failure to comply did not constitute willful disobedience of a valid order of the court. Appellants argue that, like the appellant in *Furr*, they cannot comply with the court's order without the assistance of someone else. They argue that while compliance with the order was not impossible, it was outside of their independent control, and without evidence that they had available a witness that could sign the affidavit, it was error to find them in contempt. Citing *Williams v. State Office of Child Support Enforcement*, 2015 Ark. App. 225, 459 S.W.3d 321, appellants also argue that the fact that no evidence was admitted at the hearing is alone grounds for reversal.

In *Williams*, this court reversed a contempt order that was based on Williams's failure to make child-support payments because there was no evidence of noncompliance, only unsworn statements from the opposing party's attorney. Unlike in *Williams*, however, here, appellants' attorney admitted that appellants had not complied with the court's order to provide the affidavit of heirship. Statements of counsel can bind clients in appropriate situations, including in contempt proceedings. *Potter v. Holmes*, 2020 Ark. App. 391, 609 S.W.3d 422. In *Potter*, we held that Potter's counsel made a judicial admission that Potter

4

did not return all the items in his possession as the partition order required him to do. We held that the judicial admission did away with the need for evidence, and as such, a preponderance of the evidence supported the finding of contempt. As in *Potter*, appellants' attorney here admitted that they had not complied with the court's order. Although appellants argue that they did not willfully violate the court's order because their compliance was outside of their independent control, they put on no evidence to demonstrate their inability to comply as the appellant did in *Furr*. *See also Albarran v. Liberty Healthcare Mgmt.*, 2013 Ark. App. 738, 431 S.W.3d 310 (affirming contempt order despite appellant's argument that he did not have ability to comply where appellant failed to introduce evidence of his inability to comply). Accordingly, we affirm the circuit court's order.

Affirmed.

VIRDEN and WOOD, JJ., agree.

*Dustin H. Jones, P.A.*, by: *Dustin H. Jones*, for appellants.

*Womack Phelps Puryear Mayfield & McNeil, P.A.*, by: *Roger McNeil* and *Ryan M. Wilson*, for appellee.