Paul E. Danielson, Justice, concurring. Ini agree with the majority’s holding that appellant Theodis N. Thompson, Jr., was not afforded sufficient notice of the circuit court’s order to appear and show cause. In my view, Arkansas Code Annotated section 16-10-108(c) (Repl. 2010), and our case law interpreting it, are unclear as to the notice required in eases of criminal contempt. Therefore, I would refer this matter to the appropriate rules committee for review. . In any.event, the record in this case-is completely devoid of any evidence that Thompson was notified. It is important to note that, while the State purportedly mailed the petition for order to appear and show-cause to Thompson, the record does not reflect that the order itself was ever mailed to him. The order to appear and show cause contains no certificate of service. And, .while the circuit court looked over the case file and read a certificate of service aloud in open court, concluding that it constituted proof of service, that certificate of service was attached to the petition, not the order. Thus, even assuming that first-class mail would have been a sufficient method of notifying Thompson, notice was simply not given. The importance of notice of the order itself cannot be overstated; it is the document that commands an accused contemnor to appear and sets forth the date, time, and location for appearance. From my review of the record, the only reason Thompson knew to appear at the November 17, 2015 hearing was that his client’s revocation hearing was scheduled for that |12day. In sum, while this court has been less than clear as to what type of notice is required, we have been resolute in holding that it is a due-process requirement: [The] distinctions - between civil- and criminal contempt lead up to the fundamental proposition that criminal penalties may not be imposed on an alleged contemner who has not been afforded the pi’otections that the Constitution requires of criminal proceedings. [Hicks ex rel. Feioek v. Feiock, 485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988).] The Due Process Clause, as applied in criminal proceedings, requires that an alleged contemner be notified that a charge of contempt is pending against him and be informed of the specific nature of that charge. Id. Fitzhugh v. State, 296 Ark. 137, 140, 752 S.W.2d 275, 277 (1988). Additionally, my analysis differs from the majority’s on the subject of mootness. I would hold that an exception to the mootness doctrine applies because the issue involved here is capable of repetition but evades review. See, e.g., Delancy v. State, 356 Ark. 259, 151 S.W.3d 301 (2004). Brill, C.J., joins in this concurrence.