B. Dewey FITZHUGH *v.* STATE of Arkansas

88-41                                                    752 S.W.2d 275

Supreme Court of Arkansas
Opinion delivered July 5, 1988
[Rehearing denied September 12, 1988.]

138

*Richard B. Adkisson*, for appellant.

*Henry C. Kinslow*, for amici curiae Arkansas Trial Lawyers Association.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The issue in this appeal is whether the trial court violated appellant's right to due process in a contempt proceeding. We hold the conviction for contempt violated the Due Process Clause of the Fourteenth Amendment.

Since the sufficiency of the evidence is not questioned, we will state the facts in an abbreviated form. Appellant Fitzhugh, an attorney, represented his client in a complicated lawsuit and in some subsequent garnishment proceedings. Weeks later, one of the parties asked for a hearing on a motion to require appellant's client to pay some money into the registry of the court. The appellant went to court for a hearing on that petition. At the end of the hearing the trial judge announced that some of the appellant's earlier actions had been unethical and constituted a fraud on the court. He found appellant guilty of contempt and assessed a fine of $500.00. The appellant had never received notice that he was charged with contempt.

The first issue is whether the contempt proceeding was a criminal proceeding or a civil proceeding. The critical features which determine the nature of the proceeding are (1) the substance of the proceeding and (2) the character of the relief.

The purpose of a criminal contempt proceeding is that it

is brought to preserve the power and vindicate the dignity of the court and to punish for disobedience of its order. A civil contempt proceeding is instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of those parties. *Dennison* v. *Mobley*, 257 Ark. 216, 515 S.W.2d 215 (1974); *see also Gompers* v. *Bucks Stove & Range Co.*, 221 U.S. 418 (1911). However, the substantive difference between civil and criminal contempt often becomes blurred. The character of the relief, rather than the trial court's characterization of the substantive proceeding, becomes the critical factor in determining the nature of the proceeding for due process purposes. The Supreme Court of the United States has clearly set out the distinction between the types of relief:

> "If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *Gompers* v. *Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911). The character of the relief imposed is thus ascertainable by applying a few straightforward rules. If the relief provided is a sentence of imprisonment, it is remedial if "the defendant stands committed unless and until he performs the affirmative act required by the court's order," and is punitive if "the sentence is limited to imprisonment for a definite period." *Id.*, at 442. If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order.

>    . . .

>     The distinction between relief that is civil in nature and relief that is criminal in nature has been repeated and followed in many cases. An unconditional penalty is criminal in nature because it is "solely and exclusively punitive in character." *Penfield Co.* v. *SEC*, 330 U.S. 585, 593 (1947). A conditional penalty, by contrast, is civil because it is specifically designed to compel the doing of some act. "One who is fined, unless by a day certain he

[does the act ordered], has it in his power to avoid any penalty. And those who are imprisoned until they obey the order, 'carry the keys of their prison in their own pockets.' " *Id.*, at 590, quoting *In re Nevitt*, 117 F. 448, 461 (CA8 1902).

*Hicks ex rel. Feiock* v. *Feiock*, ___ U.S. ___, 108 S. Ct. 1423 (1988).

■ Here, the $500.00 fine is unconditional and is to be paid to the court. Without question, the punishment is punitive in nature as it has no coercive or compensatory aspect.

■ These distinctions between civil and criminal contempt lead up to the fundamental proposition that criminal penalties may not be imposed on an alleged contemner who has not been afforded the protections that the Constitution requires of criminal proceedings. *Id.* The Due Process Clause, as applied in criminal proceedings, requires that an alleged contemner be notified that a charge of contempt is pending against him and be informed of the specific nature of that charge. *Id.* Notice of the charge and the nature thereof were not given in this case. Therefore, the judgment of conviction for contempt must be reversed.

Reversed and remanded.

PURTLE, J., dissenting in part.

JOHN I. PURTLE, Justice, dissenting. I dissent from that part of the opinion which remands the case to the trial court. All of the relevant facts and the law have been fully developed and presented to this court in the present appeal. In effect, this court has found insufficient evidence to support a criminal contempt charge. Therefore, it is double jeopardy to try the appellant a second time on the same offense.

The majority opinion is well written and succinctly recites the law on the subject of contempt. However, the opinion simply reaches the wrong result.

We have a committee established for the express purpose of reviewing complaints concerning alleged unethical conduct on the part of attorneys. If the trial court believes, as he has stated, that the action of this attorney was unethical, then the matter

should be referred to the Committee on Professional Conduct.

I would reverse and dismiss.