H. Eugene TAYLOR *v.* Judy P. TAYLOR

CA 88-171                                          759 S.W.2d 222

Court of Appeals of Arkansas
Division I
Opinion delivered November 2, 1988

*Howell, Price, Tice, Basham & Hope,* by: *Dale Price,* for appellant.

*Wilson, Engstrom, Corum & Dudley,* by: *William R. Wilson,* for appellee.

DONALD L. CORBIN, Chief Judge. This appeal from the Pulaski County Chancery Court arises out of divorce proceedings. The parties had been married for a good number of years, had two children, and had accumulated considerable assets during their marriage. We dismiss because we find that the order appealed is not appropriate for appeal pursuant to Rule 2 of the Arkansas Rules of Appellate Procedure.

The facts are essentially undisputed. During the course of the divorce action below, the appellant signed the appellee's name to state and federal income tax refund checks totaling $56,668.71, cashed in an insurance policy for $14,739.96, and disposed of other items of marital property. The appellee sought to have the appellant held in contempt for disposing of these marital assets in violation of a standing restraining order of the court which enjoined the parties from disposing of marital assets except in the ordinary course of business. The appellant admitted to dealing with the assets as alleged but contended that he had done so in the ordinary course of business for the purpose of attending to marital debts. After a hearing on the matter, the chancellor found appellant in contempt but imposed no sanctions. The appellant was, however, ordered to make a payment on a martial debt obligation and restore $62,408.67 to the pool of marital assets for later division and distribution by the court. This appeal is from that order.

Rule 2 of the Arkansas Rules of Appellate Procedure provides in pertinent part that:

(a) An appeal may be taken from a circuit, chancery, or probate court to the Arkansas Supreme Court from:

1. A final judgment or decree entered by the trial court;

2. An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action;

3. An order which grants or refuses a new trial;

4. An order which strikes out an answer, or any part of an answer, or any pleading in an action[.]

In order for a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Epperson* v. *Biggs*, 17 Ark. App. 212, 705 S.W.2d 901 (1986). While this court has held that a finding of contempt is appealable because it constitutes a final disposition of the contempt matter as between the appellant and the court, *Pinckney* v. *Mass Merchandisers, Inc.*, 16 Ark. App. 151, 698 S.W.2d 310 (1985), no sanctions were imposed in the case at bar. Here, as in *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W.2d 605 (1967), there was not merely a postponement of a sanction but a complete remission of the contempt. Therefore, there is no basis for appellate relief on the contempt issue.

The record reflects that this case remains pending in the court below; no final judgment or decree has been entered; there has been no order which is determinative of the divorce action between the parties; and no punishment was imposed on the appellant. Because the order is not appealable under Rule 2, the appeal is dismissed.

Dismissed.

COOPER and MAYFIELD, JJ., agree.