2009 Ark. App. 862

**Harold STACKS, Appellant**

v.

**Angela STACKS, Appellee.**

**No. CA 09–642.**

Court of Appeals of Arkansas.

Dec. 16, 2009.

Ed Tarvin, Bentonville, AR, for appellant.

M. MICHAEL KINARD, Judge.

This is an appeal from the circuit court's denial of appellant Harold Stacks's motion to modify custody and motion for contempt. Appellant raises challenges to several evidentiary rulings and to the court's findings that his daughter had not expressed a preference as to custody and that she was not mature enough to express a custody preference. We affirm.

The parties were divorced in November 2000. Appellee Angela Stacks was awarded custody of the parties' two minor children, born in 1996 and 1998, with appellant having visitation rights and support obligations. After several years of litigation

in this case, an agreed order was entered in April 2008. The agreed order provided that appellee would assist appellant in obtaining copies of the children's school and medical records. It also set a schedule for regular telephone visitation between appellant and the children.

On June 4, 2008, appellant filed in a single document a motion to modify custody and motion for contempt. In the motion, appellant alleged that there had been a material change in circumstances since the divorce—the fact that the children were expressing a preference that they live with him—and that it was in the best interest of the children for appellant to have custody. Citing Arkansas Code Annotated section 9–13–101(a)(1)(A)(ii), he contended that the older child, Elizabeth, was "of a sufficient age and capacity to reason" such that the court should consider her stated preference. Appellant alleged that appellee was in contempt for refusing to follow the agreed order by failing to contact the children's schools and medical providers and not allowing him telephone visitation on "numerous occasions."

A hearing was held in this matter on December 23, 2008, with appellee appearing pro se. Both parties, their daughter, and a therapist testified. The daughter's testimony included statements that she was "not real sure" about whether she was happy living where she was, that she was happy at her father's and at her mother's, that seeing her father more "would mean a lot," and that what she did not like about living at her mother's was there were "too many rules." The judge issued a bench ruling in favor of appellee. In its subsequent written order, the court found that appellant failed to sustain his burden of proving the contempt allegations. It further found that he failed to sustain his burden of proof regarding his request for a change of custody based on the preference of the minor children.

On January 22, 2009, appellant filed a timely motion for reconsideration and/or motion for a new trial. Appellant requested a new trial based on newly discovered evidence of appellee "improperly influence[ing]" the parties' daughter regarding her testimony. He also requested that the court reconsider its finding that appellee was not in contempt. The trial court did not rule on appellant's motion, so it was deemed denied thirty days after it was filed. *See Whitmer v. Sullivent*, 373 Ark. 327, 284 S.W.3d 6 (2008). This timely appeal followed.

■ Appellant's first point on appeal is that the circuit court erred in excluding the parents' testimony of prior statements of their daughter regarding her preference as to custody under Arkansas Rule of Evidence 802 (hearsay) and in refusing to consider testimony of the therapist regarding the daughter's statements, which appellant contends were statements of her then-existing state of mind and thus admissible under Arkansas Rule of Evidence 803(3) (then-existing mental, emotional, or physical condition). First, we note that appellant's objection to the court's sua sponte ruling excluding inadmissible hearsay is misplaced; a trial judge has the authority to exclude improper evidence even in the absence of an objection. *Epps v. State*, 72 Ark.App. 370, 38 S.W.3d 899 (2001). Appellant acknowledges that the arguments under his first point were not made before the trial court, but cites *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989), in arguing that this court should entertain his arguments under an exception that applies where there was no opportunity to raise the argument below. He contends that we should consider his argument because the trial court allowed the testimony and then stated during the

bench ruling that the only testimony that could be considered regarding preference was that of the daughter.

■ We do not find appellant's preservation argument to be persuasive. It is elementary that this court will not consider arguments that are not preserved for appellate review. *Advance America Servicing of Arkansas, Inc. v. McGinnis,* 375 Ark. 24, 33, 289 S.W.3d 37, 43 (2008) (citing *Seidenstricker Farms v. Doss,* 374 Ark. 123, 286 S.W.3d 142 (2008)). We will not do so because it is incumbent upon the parties to raise arguments initially to the trial court in order to give that court an opportunity to consider them. *Id.* Otherwise, we would be placed in the position of reversing a trial court for reasons not addressed by that court. *Id.* Here, when the court ruled that appellee could not testify regarding what the children had said about custody preferences, appellant did not raise the argument that the testimony should be allowed under Rule 803 as evidence of the daughter's then-existing state of mind. Appellant not only did not raise this argument at the hearing (where he argues he did not have the opportunity to do so), he also failed to raise these points in his motion for reconsideration. Thus, this point is not preserved for appellate review.

■ The trial court has broad discretion when it comes to the admissibility of evidence. *Meins v. Meins,* 93 Ark.App. 292, 299–300, 218 S.W.3d 366, 370 (2005). The appellate court will not reverse the lower court's ruling on either the admissibility of expert testimony or on a hearsay question unless the appellant can show that the court abused its discretion. *Id.* In order to show abuse of discretion, the appellant must demonstrate that the trial court acted improvidently, thoughtlessly, or without due consideration. *Id.* Additionally, the appellate court will not re-

verse an evidentiary ruling absent a showing of prejudice. *Id.* Under these standards, we affirm the trial court.

■ We address appellant's final point next because our decision on this point affects the outcome of other arguments appellant makes. Appellant argues that the trial court's finding that the daughter was not mature enough to express a preference as to custody was clearly erroneous. Appellant points to the fact that she was within one month of turning twelve years old at the time of the hearing and to the testimony of the therapist and parents regarding her maturity, and he asserts that she "conversed intelligently with the judge regarding her prior expressions of custody preference and the reasons for her reluctance to express that preference on the record." Arkansas Code Annotated section 9–13–101(a)(1)(A)(ii) provides that, in determining the best interest of the child, the court *may* consider the preferences of the child if the child is of sufficient age and capacity to reason, regardless of chronological age. The trial judge was in a better position than this court to judge the credibility of the witnesses, including the minor daughter. Consequently, we find no reversible error in the trial court's finding that the parties' daughter was not of a sufficient age and capacity to reason that the court might consider her preference as to custody.

Appellant's second point on appeal is that the circuit court erred in holding that the expert witness's testimony as to custody preference expressed by the daughter could not be considered as evidence of preference where such statements of preference formed part of the basis of the expert's professional opinion. In his ruling from the bench, the judge stated that "[t]he only evidence of that the court could consider with regard to that allegation [that the children were expressing a pref-

erence that they live with their father] is the testimony of Elizabeth Stacks, the daughter."

■■■ Arkansas Rule of Evidence 703 provides that if the facts upon which an expert bases his or her opinion are of a type reasonably relied upon by experts in the particular field in forming opinions on the subject, those facts need not be admissible in evidence. As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility. *See, e.g., Ford Motor Co. v. Massey,* 313 Ark. 345, 855 S.W.2d 897 (1993). Thus, to the extent that the therapist's testimony was "excluded" as hearsay, the trial court erred. However, neither was the court required to attach any weight to the therapist's testimony. *See id.* Any possible error here does not warrant reversal under the facts of this case. As noted above, the court also found that the daughter was not sufficiently mature to express an opinion as to custody. Thus, the exclusion of testimony regarding her preference would be harmless error. *See Jackson v. ₇Buchman,* 338 Ark. 467, 996 S.W.2d 30 (1999) (holding that the party seeking reversal on the basis of an erroneous evidentiary ruling must indicate to the reviewing court what prejudice was caused by the erroneous ruling).

■■■ Appellant's third point is that the trial court erred in holding that the daughter's statements of preference as to custody contained in business records of the therapist,[1] which were admitted without objection, could not be considered as evidence of preference. Appellant contends that the records were admissible under Arkansas Rule of Evidence 803(6) as records of regularly conducted business activity. In *Meins, supra,* this court held that statements a child made to a counselor

were admissible under Rule 703, which provides that an expert may form an opinion based on facts learned from others despite these facts being hearsay. We need not reach the merits of appellant's argument because, given the court's findings regarding the daughter, he cannot show that he was prejudiced by the exclusion of these records.

■■■ Appellant's fourth point is that the trial court's finding that the daughter had not expressed a preference as to custody was clearly erroneous. Appellant points to "evidence of preference including but not limited to preference expressed to therapist, preference expressed to parents, and evidence of intimidation of witness by mother to prevent expression of preference by daughter on direct examination." Because the question of whether the trial court's findings are clearly erroneous turns largely on the credibility of the witnesses, we give special deference to the superior position of the trial judge to ₈evaluate the witnesses, their testimony, and the child's best interest. *Hodge v. Hodge,* 97 Ark. App. 217, 219, 245 S.W.3d 695, 697 (2006). Here, the trial court was faced with conflicting testimony, with appellant testifying that the children wanted to live with him, appellee disputing that contention, and the daughter testifying that she did not want to hurt anyone's feelings and not expressing a clear preference. The trial judge was clearly in a better position than this court to judge the credibility of the witnesses.

■■■ Furthermore, the daughter's preference alone is not determinative of which parent should have custody. Even if the circuit court had found that the daughter expressed a desire to live with her father and that constituted a material change in circumstances, the decision

---

1. The therapist, Virginia Krauft, is a clinical psychologist.

whether to change custody would not end there. In child-custody cases, the primary consideration is the welfare and best interests of the child involved; all other considerations are secondary. *Dansby v. Dansby,* 87 Ark.App. 156, 160, 189 S.W.3d 473, 476 (2004). Custody will not be modified unless it is shown that there are changed conditions demonstrating that a modification is in the best interest of the child. *Id.* On this record, we do not conclude that the circuit court erred.

Affirmed.

PITTMAN and BAKER, JJ., agree.