SLIP OPINION

Cite as 2016 Ark. App. 313

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-15-848

| | |
|---|---|
| CURTIS JON BALCOM<br><div align="right">APPELLANT</div><br>V.<br><br>LISA BALCOM CRAIN<br><div align="right">APPELLEE</div> | **Opinion Delivered** June 8, 2016<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. DR-2006-36-II]<br><br>HONORABLE WADE NARAMORE, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

This case arises out of the 2008 divorce proceedings between Curtis Balcom and Lisa Balcom (Crain). While the case was pending, the parties entered into a mediated property settlement agreement requiring Mr. Balcom to make certain payments to Ms. Crain. In 2015, the court entered an order finding Mr. Balcom in contempt for failing to make his contractually obligated payments. He appeals, arguing that the trial court was without authority to modify the parties' agreement and that it erred in holding him in civil contempt. We find no error and affirm the court's order.

On April 9, 2008, the parties were divorced pursuant to a divorce decree. The parties' mediated property settlement agreement was accepted by the Garland County Circuit Court and incorporated into the decree. Among other things, the agreement provided that Mr. Balcom would pay Ms. Crain a sum of $200,000, and in exchange she would forgo her interest in a family-owned business owned by Mr. Balcom's family. The parties agreed that

Mr. Balcom would make an initial $50,000 payment to Ms. Crain, then make payments in the amount of $1,123.60 per month through March 1, 2015, with the remaining balance due in a balloon payment on April 1, 2015. The parties also agreed that he would obtain a life insurance policy in the amount of $150,000 to secure the amount owed to Ms. Crain. Mr. Balcom paid the initial $50,000 and made a total of twenty monthly payments to Ms. Crain before ceasing payments entirely. Between 2010 and 2014, the court found Mr. Balcom in contempt on four separate occasions for failing to make his contractually obligated payments to Ms. Crain. On one such occasion, the court converted the payments to alimony, which neither party appealed.

In a hearing on the fifth contempt action against him, Mr. Balcom admitted that he owed the debt but claimed that he was without the financial means to make the payments. He testified that he "would like to pay $400.00 a month[,] which is over and above the $344 I have been paying for child support. I am not saying pay $400 a month in addition" to the child support. He requested that the court "direct" him to "pay Ms. Crain $400.00 per month."

Following the hearing, the court entered judgment against Mr. Balcom and ordered him to make alimony payments in 180 equal monthly payments of $976.97. The court also ordered him to obtain a life insurance policy in the amount of $100,000. The court further ordered that if at any point in time he failed to pay "an amount equal to two (2) monthly payments, or more, an order of arrest shall immediately issue upon the verified motion of [Ms. Crain] with a cash bond being set in the amount of the unpaid arrearages."

Mr. Balcom's first, second, and third points on appeal go to the court's authority to modify the agreement. He contends that his obligations to Ms. Crain were "contractual in nature" and therefore the court did not have authority to modify those obligations. He argues that the court "could only award Ms. Crain a judgment on the contract" or find him in contempt for "not performing his end of the bargain" but the court could not "rewrite the terms of the agreement."

It is elementary that this court will not consider arguments that are not preserved for appellate review. *Stacks v. Stacks*, 2009 Ark. App. 862, at 4, 377 S.W.3d 265, 269. We will not do so because it is incumbent upon the parties to raise arguments initially to the trial court in order to give that court an opportunity to consider them. *Id*. Otherwise, we would be placed in the position of reversing a trial court for reasons not addressed by that court. *Id*. Mr. Balcom did not make his arguments regarding authority to modify the agreement to the trial court. Instead, at the hearing, he specifically requested that the court modify the agreement by allowing him to pay $400 per month in lieu of the required $1,123.60 payment. Because he failed to raise his arguments to the trial court, we will not address them for the first time on appeal.

For his fourth point on appeal, Mr. Balcom argues that, because he was not in "willful contempt" of the decree, the court erred in holding him in civil contempt. Disobedience of any valid judgment, order, or decree of a court having jurisdiction to enter it may constitute contempt, and punishment for such contempt is an inherent power of the court. *Brock v. Eubanks*, 102 Ark. App. 165, 288 S.W.3d 272 (2008). Contempt is categorized into criminal

3

SLIP OPINION

contempt and civil contempt. *Shields v. Kimble*, 2016 Ark. App. 151, at 9, ___ S.W.3d ___, ___. The distinction between relief that is civil in nature and relief that is criminal in nature has repeatedly been stated and followed by our appellate courts. *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988). An unconditional penalty is criminal in nature because it is solely and exclusively punitive in character. *Id*. A conditional penalty, by contrast, is civil because it is specifically designed to compel the doing of some act. *Id*. Because civil contempt is designed to coerce compliance with the court's order, the civil contemnor may free himself or herself by complying with the order. *Applegate v. Applegate*, 101 Ark. App. 289, 293, 275 S.W.3d 682, 685 (2008). This is the source of the familiar refrain that civil contemnors "carry the keys of their prison in their own pockets." *Id* at 293, 275 S.W.3d at 685(quoting *Penfield Co. v. S.E.C.*, 330 U.S. 585, 593 (1947)). Civil contempt protects the rights of private parties by compelling compliance with orders of the court made for the benefit of private parties. *Shields*, 2016 Ark. App. 151, at 9, ___ S.W.3d at ___. Civil contempt can be either compensatory or coercive in nature. *Id*. In order to establish civil contempt, there must be willful disobedience of a valid court order. *Fowler v. Hendrix*, 2016 Ark. App. 7, at 5, 479 S.W.3d 591, 594. Lack of ability to pay is a defense in civil-contempt cases. *Ivy v. Keith*, 351 Ark. 269, 284, 92 S.W.3d 671, 680 (2002).

We will not reverse a circuit court's finding of civil contempt unless that finding is clearly against the preponderance of the evidence. *Fowler*, 2016 Ark. App. 7, at 5, 479 S.W.3d at 594. A finding is clearly against the preponderance of the evidence if, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm

conviction that a mistake has been committed. *Catt v. Catt*, 2014 Ark. App. 616, at 2. Issues of credibility are for the fact-finder. *Id.* Here, although Mr. Balcom testified that he was without sufficient financial means to make the payments, there was evidence that he was regularly employed and additionally that he received tax refunds and sold various vehicles but never used any of the proceeds to make payments toward his obligation. We hold that the court's order was not clearly against the preponderance of the evidence.

Affirmed.

GLADWIN, C.J., agrees.

KINARD, J., concurs.

**M. MICHAEL KINARD, Judge, concurring.** I respectfully concur. I agree with the majority that appellant is entitled to no relief from this court. I write separately primarily to explain how my reasoning differs from the majority on the contempt issue.

The majority correctly holds that appellant cannot argue on appeal that the trial court lacked authority to modify his obligations under the property-settlement agreement. Not only did appellant fail to make that argument below, as the majority points out, but he actually *asked* the court to modify his alimony obligation so as to reduce it to $400 per month until paid in full and *offered* to purchase a term life-insurance policy to secure that obligation. The court did allow appellant to make reduced monthly payments instead of continuing to be obligated to pay the entire amount in a lump sum and further reduced his life-insurance obligation. Under the doctrine of invited error, an appellant may not complain on appeal of an erroneous action by the trial court if he has induced, consented to, or acquiesced in that

action. *Riley v. State Farm Mutual Automobile Insurance Co.*, 2011 Ark. 256, 381 S.W.3d 840 (2011); *Briscoe v. Shoppers News, Inc.*, 10 Ark. App. 395, 664 S.W.2d 886 (1984); *J.I. Case Co. v. Seabaugh*, 10 Ark. App. 186, 662 S.W.2d 193 (1983); *see Rachel v. Rachel*, 294 Ark. 110, 741 S.W.2d 240 (1987) (Glaze, J., concurring). Because appellant asked for modifications of the same nature as those made by the trial court, he cannot complain that the trial court lacked authority to take those actions.

Where I depart from the majority's reasoning is its treatment of appellant's challenge to the finding that he was in contempt of court for his failure to pay his preexisting alimony obligations. The majority entertains the issue and decides that the trial court's finding is supported by sufficient evidence. In my opinion, we should not consider the issue because it is not properly before us. While the trial court did find appellant to be in contempt of court, no sanction was imposed as a result. Appellant was simply reordered to comply with his already existing obligations under the provisions of the longstanding agreement and divorce decree. The only changes made regarding those obligations were actually beneficial to appellant. While a contempt order that imposes a sanction and constitutes the final disposition of the matter is appealable, Ark. R. App. P.–Civ. 2(a)(13), a naked finding of contempt is not. *See Emerson v. Emerson*, 2016 Ark. App. 92; *Shafer v. Estate of Shafer*, 2010 Ark. App. 476; *Taylor v. Taylor,* 26 Ark. App. 31, 758 S.W.2d 222 (1988). Therefore, to the extent that appellant purports to appeal from the finding of contempt, the appeal should be dismissed without being addressed.

Finally, it appears that appellant may also be arguing that the trial court erred in

threatening him with immediate arrest and jailing pending payment of any future arrears should appellee subsequently claim that appellant has violated the order appealed from. However, this issue is not ripe for decision. At the time of the last order, appellant had not violated its provisions, and the stated sanction had not been imposed on him. I am confident that, should appellee file another contempt petition, the court will first afford appellant a hearing, should he request one, at which a determination of his ability to pay would be made as required by law. *See Griffith v. Griffith*, 225 Ark. 487, 283 S.W.2d 340 (1955); *Ingle v. Ingle*, 2013 Ark. App. 660; *Aswell v. Aswell*, 88 Ark. App. 115, 195 S.W.3d 365 (2004).

*Crawford Law Firm*, by: *Michael H. Crawford*, for appellant.

*John Howard & Sherry L Daves, Attorneys at Law, P.A.*, by: *John Howard*, for appellee.