Cite as 2021 Ark. App. 362

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-20-336

|  |  |
|---|---|
| CITY OF LITTLE ROCK AND LITTLE ROCK POLICE DEPARTMENT<br><br>APPELLANTS<br><br>V.<br><br>CHARLES STARKS<br><br>APPELLEE | **Opinion Delivered** September 29, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-19-7042]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>REVERSED |

## BART F. VIRDEN, Judge

The City of Little Rock ("City") and the Little Rock Police Department ("LRPD") appeal the circuit court's order finding them in contempt for intentionally and willfully violating the order of the court in the underlying case, *City of Little Rock and Little Rock Police Department v. Starks*, 2021 Ark. App. 323, which we handed down on September 8, 2021, reversing the circuit court's decision and remanding for further proceedings.

A short recitation of the relevant facts is helpful here. On February 22, 2019, Charles Starks, an officer with the LRPD, was called to a parking lot at 7305 Kanis Road to assist with stopping a suspected stolen vehicle. In the course of the investigation, the suspect, Bradley Blackshire was shot multiple times and died from his wounds. Thereafter, Starks was investigated for possible violation of General Order 303.II.E.2 related to the events of

February 22, and chief of police Keith Humphrey found that Starks had violated General Order 303.II.E.2 when he moved in the direction of his car and placed himself in the path of the oncoming stolen vehicle and terminated his employment as a result.[1] Starks appealed to the Little Rock Civil Service Commission ("Commission") which affirmed both the violation and the sanction of termination. Starks then appealed to the circuit court.

After a hearing on the matter, the circuit court entered an order affirming the Commission's finding that Charles Starks violated General Order 303.II.E.2 but reversing the Commission's decision to terminate Starks's employment. On January 2, 2020, the court entered an order finding that

> 3. Appellant Starks is ordered suspended without pay for the period from May 6, 2019, through June 4, 2019, the maximum thirty-days allowed for suspension pursuant to A.C.A. § 14-51-30l(b)(10).

> 4. Appellant Starks is ordered reinstated effective June 5, 2019.

> 5. Pursuant to AC.A. § 14-51-301(b)(l l)(A), Appellant Starks' salary shall be reduced to that of the entry level salary for the Little Rock Police Department newly hired officers, as of June 4, 2019.

> 6. Appellant Starks shall be paid all salary at the reduced level, together with payment or reimbursement for all health benefits, retirement benefits, vacation accrual, sick leave accrual, together with all remuneration due and payable from June 5, 2019, through implementation of this Order.

> 7. Appellant Starks is to be reimbursed any and all transcript costs incurred in prosecuting this appeal.

> 8. If Appellant Starks seeks the award of his reasonable attorney's fees and costs incurred in this matter, he is to submit his motion together with all supporting documentation and argument in accordance with the Arkansas Rules of Civil

[1]General Order 303.II.E.2 provides that "Officers will not voluntarily place themselves in a position in front of an oncoming vehicle where Deadly Force is the probable outcome. When confronted by an oncoming vehicle, officers will move out of its path, if possible, rather than fire at the vehicle."

Procedure. Appellees shall be given the response time as set forth in the Arkansas Rules of Civil Procedure.

The court incorporated findings of fact and conclusions of law into the order specifying that

> the 30-day suspension and the reduction in salary to that of an entry level officer are sufficient sanctions for Appellant Starks' violation of Little Rock Police Department General Order 303.II.E.2. There are to be no additional or consequential penalties against Appellant Starks, e.g., credit for years of service for purposes of retirement, credit of years of service for vesting in any retirement benefits, and/or credit for years of service for eligibility for promotion.

On January 3, the City requested a stay of the January 2 order, pending appeal. On January 10, the circuit court denied the request for a stay, finding that

> [t]he court has taken into consideration that denial of a stay does not in any manner limit, mandate, or restrict the Appellees herein as to the duties the Appellees herein may assign, or not assign, to Officer Starks pending resolution of the appeal in this matter. Appellees have an entire panoply of administrative options available, including but not limited to placing Officer Starks on paid leave pending resolution of the appeal, assigning Officer Starks to desk or administrative duty, placement of Officer Starks into patrol rotation, and/or assigning Officer Starks any other duties and functions that are within the parameters established by the Little Rock Police Department for its officers.

Starks was reinstated as a LRPD officer and was placed on paid "relieved of duty" status, pending the outcome of the appeal.

On January 17, Starks filed a motion for contempt asserting that the City and the LRPD, violated the January 2 order by placing him on "relieved of duty" status and refusing to return his service weapon, badge, or credentials. Starks asserted that the court's order specified that the thirty-day suspension and reduction in salary were sufficient sanctions, and that there were to be "no additional or consequential penalties against Appellant Starks."

3

Starks argued that "relieved of duty" status stigmatized him and, according to tradition, meant that he was unable to do off-duty police work, which could reduce his income by $20,000 to $25,000. Moreover, Starks asserted that according to the payroll codes for City of Little Rock, "relieved of duty" status traditionally is imposed when disciplinary action of a severe nature, including but not limited to, termination, is pending. Starks explained that the investigation of his actions had ended; thus, he should be reinstated to the same duty status classification he held on February 21, 2019.

After a hearing on the matter, the circuit court entered an order finding the City and the LRPD in contempt of court for intentionally and willfully violating the January 2 order. The circuit court ordered the City and the LRPD to return Starks's service weapon, badge and credentials and reinstate Starks to the same duty status classification he held on February 21, 2019. The City and the LRPD appealed the court's contempt finding. We hold that there was no violation of the terms of the January 2 order and reverse.

Disobedience of any valid judgment, order, or decree of a court having jurisdiction to enter it may constitute contempt, and punishment for such contempt is an inherent power of the court. *Brock v. Eubanks*, 102 Ark. App. 165, 288 S.W.3d 272 (2008). Contempt is categorized into criminal contempt and civil contempt. *Shields v. Kimble*, 2016 Ark. App. 151, at 9, 486 S.W.3d 791. The distinction between relief that is civil in nature and relief that is criminal in nature has repeatedly been stated and followed by our appellate courts. *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988). An unconditional penalty is criminal in nature because it is solely and exclusively punitive in character. *Id*. A conditional penalty, by contrast, is civil because it is specifically designed to compel the doing of some

4

act. *Id.* Because civil contempt is designed to coerce compliance with the court's order, the civil contemnor may free himself or herself by complying with the order. *Applegate v. Applegate*, 101 Ark. App. 289, 293, 275 S.W.3d 682, 685 (2008). This is the source of the familiar refrain that civil contemnors "carry the keys of their prison in their own pockets." *Id.* Here, the circuit court's order to return Starks to his former duty status and return his service weapon, badge and credentials or face a daily $10,000 fine was designed to ensure compliance with the January 2 order; thus, this is a matter of civil contempt.

To establish civil contempt, there must be willful disobedience of a valid court order. *Fowler v. Hendrix*, 2016 Ark. App. 7, at 5, 479 S.W.3d 591, 594. However, before one can be held in contempt for violating the court's order, the order must be definite in its terms and clear as to what duties it imposes. *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 450, 156 S.W.3d 228, 235 (2004). We will not reverse a circuit court's finding of civil contempt unless that finding is clearly against the preponderance of the evidence. *Fowler*, 2016 Ark. App. 7, at 5, 479 S.W.3d at 594. A finding is clearly against the preponderance of the evidence if, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been made. *Balcom v. Crain*, 2016 Ark. App. 313, at 4, 496 S.W.3d 405, 408. Issues of credibility are for the fact-finder. *Id.*

The circuit court erred in finding the City and the LRPD in contempt of court for failing to reinstate Starks to the duty status he held on February 21, 2019, and for failing to return Starks's badge, credentials, and service weapon. In fact, the January 2 order requires that Starks must be reinstated with a reduction in pay, receive all accrued benefits and leave time, and be reimbursed for transcript costs. Additionally, the order provides that no

additional punishment shall be applied to Starks. Starks's sole claim is that he was additionally punished by the manner of his reinstatement by being placed on paid leave and not returned his badge, identification, and service weapon; however, the January 2 order is silent as to the specific characteristics of Starks's reinstatement and further provides that the failure to give "credit for years of service for purposes of retirement, credit or years of service for vesting in any retirement benefits, and/or credit for years of service for eligibility for promotion" are the "additional or consequential penalties" the court contemplates. Even if the preceding list is not exhaustive, the list does not include change-of-duty status and failure to return the identifications and service weapon of an active-duty officer. Moreover, Arkansas Code Annotated section 14-51-301(a)(10) and (11) provide that punishment is related to reduction of salary, reduction of rank, suspension, and discharge; thus, according to our statute, changing Starks's duty status does not constitute punishment.

As the circuit court states in the January 10 order denying the motion to stay, there are "a panoply of administrative options available" and the LRPD was within its authority to place Starks on paid leave, return him to patrol duty, place him on desk duty, "or [assign] Officer Starks any other duties and functions that are within the parameters established by the Little Rock Police Department for its officers." Though the circuit court's order denying the motion to stay pending appeal is not incorporated into the January 2 order, it is illustrative that the LRPD and the City did not violate the court's directive that there would be no additional penalties against Starks. When, under the circumstances and the legal issues involved, a party does all that is expressly required of him by court order, it is erroneous to hold him in contempt. *Holifield v. Mullenax Fin. & Tax Advisory Grp., Inc.*, 2009 Ark. App.

280, at 6, 307 S.W.3d 608, 611. Here, Starks was reinstated according to the court's order and no additional punishment was administered against Starks. Neither the City nor the LRPD committed an act of disobedience to the court's January 2 order, and we reverse.

Reversed.

BARRETT and VAUGHT, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Michael S. Moore* and *Khayyam M. Eddings*, for appellants.

*Robert A. Newcomb*, for appellee.