Cite as 2026 Ark. App. 191

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-24-607

| | |
|---|---|
| TRENTON SIMSHAUSER<br><div align="right">APPELLANT</div><br>V.<br><br>MICHELLE SIMSHAUSER<br><div align="right">APPELLEE</div> | Opinion Delivered: March 18, 2026<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26DR-23-697]<br><br>HONORABLE CECILIA DYER, JUDGE<br><br>AFFIRMED IN PART; DISMISSED IN PART |

**STEPHANIE POTTER BARRETT, Judge**

This appeal challenges the Garland Circuit Court's order finding appellant, Trenton Simshauser, in contempt and its order denying his motion for reconsideration. On appeal, he asserts that (1) the contempt order should be reversed because the standing order in the case was not sufficiently definite and the evidence did not establish a willful violation, and (2) the circuit court erred in denying reconsideration and in ordering him to pay the full mortgage and 75 percent of mortgage arrears based on an improper assessment of his income. We affirm the circuit court's contempt finding and dismiss the remainder of the appeal for lack of a final, appealable order.

Trenton Simshauser and Michelle Simshauser were married on January 3, 2021. The parties separated on July 4, 2023. On September 12, 2023, Michelle filed a complaint for divorce against Trenton. That same day, the circuit court entered its standing order

1

applicable to domestic-relations actions in Garland County. The order provided that its terms applied upon filing or service of the summons and that violations were punishable by contempt.

Relevant here, paragraph five prohibited either party from threatening, injuring, molesting, or harassing the other party or the parties' minor or adult children. Paragraph 6 prohibited either party from spending or disposing of monetary assets except for normal living or business expenses and from canceling insurance, utilities, or other necessities without court order or written agreement filed with the circuit court. Paragraph 7 prohibited cash withdrawals from any marital account in excess of $100 per day and the transfer of funds held on deposit in any marital account without a court order or written agreement filed with the circuit court.

Michelle later filed a second motion for contempt and to show cause, an emergency motion for temporary hearing and request for temporary ex parte relief, and a motion for authority to sell marital real property in lieu of foreclosure. She alleged that Trenton violated paragraphs 5, 6, and 7 of the standing order by disputing utility payments with their bank, transferring a direct deposit from the parties' joint account, and terminating her automobile insurance.

The circuit court held a temporary hearing on Michelle's pending motions for contempt and temporary relief on June 3, 2024. Michelle was the only witness. She testified that prior to the parties' separation, Trenton's income was deposited into a joint account, and the household bills were paid from the account, but he stopped depositing income into

the account in October 2023. She stated that Trenton earns approximately $22,000 a month, including $4,800 in VA benefits. She testified that Trenton's VA benefit was the income being deposited into the joint account.

She also testified that in January 2024, Trenton disputed a utility bill associated with the marital residence, resulting in nonpayment and a subsequent shutoff notice. During this time, she made several mortgage payments but other expenses prevented her from continuing to do so. Michelle acknowledged that she made the November 2023 and January 2024 mortgage payments, and no mortgage payments were made in February, March, April, or May 2024.

She testified that Trenton had not worked since July 2023 and that he was hospitalized twice in July 2023 and once in August 2023. She stated that Trenton receives 100 percent disability from the VA because he suffers from posttraumatic stress disorder.

Trenton did not testify at the hearing, call any witnesses, or introduce any exhibits other than his affidavit of financial means. Although medical records were filed in the case, they were not introduced at the hearing.

Following the hearing, the circuit court issued a letter opinion on June 4, 2024. The ruling was later reduced to a written order filed June 13, 2024. The circuit court found that (1) Trenton was in willful violation of paragraphs 5 and 7 of the standing order, (2) Trenton's dispute over the utility payment was an act of harassment, and (3) Trenton's withdrawal of funds and transfer or change of funds held on deposit in the joint marital account was in violation of the standing order. The circuit court fined Trenton $500 for his second willful-

contempt violation. The fine was to be paid by June 14, 2024, and the circuit court ordered that if he did not pay the fine, he was to be arrested and jailed until the fine was paid. The circuit court also restated its contempt finding and sanction from its previous order finding Trenton in contempt.

The circuit court also awarded Michelle temporary use and possession of the marital home, ordered Trenton to be solely responsible for the mortgage payments beginning June 1, 2024, and ordered him to pay seventy-five percent of the mortgage arrearage to bring the loan into good standing.

Trenton filed a motion for reconsideration on June 11, 2024, asserting that he should not be solely responsible for the mortgage payments and is unable to pay 75 percent of the mortgage arrears. The motion included several attached exhibits, including a letter. None of the attached exhibits were introduced into evidence at the temporary hearing. The circuit court denied the motion by an order entered on July 16, 2024.

For his first point on appeal, Trenton argues that the contempt order must be reversed because the record fails to establish a clear violation supported by sufficient evidence or contumacious conduct and because he lacked the ability to pay. Before addressing the merits, this court must first address whether the contempt finding constitutes a final, appealable order.

Generally, a finding of contempt is a final, appealable order. *Heileman v. Cahoon*, 2024 Ark. 164, at 10, 699 S.W.3d 85, 91. Under Arkansas Rule of Appellate Procedure-Civil 2(a)(13), a contempt order is final when it imposes a sanction and constitutes the final

4

disposition of the contempt matter; an order that imposes no sanction is not final. *Heileman*, 2024 Ark. 164, at 10, 699 S.W.3d at 91. Because the circuit court imposed a sanction, the contempt finding is final and appealable.

This court must next determine whether the contempt is civil or criminal. *See Conlee v. Conlee*, 370 Ark. 89, at 96, 257 S.W.3d 543, 550 (2007). This distinction turns on the character of the relief rather than the nature of the proceeding. *Cline v. Simpson*, 2024 Ark. App. 611, at 13, 703 S.W.3d 497, 505–06 (citing *Fitzhugh v. State*, 296 Ark. 137, 138, 752 S.W.2d 275, 276 (1988)). Civil contempt is designed to coerce compliance with the court's order, whereas criminal contempt carries an unconditional penalty, and the contempt cannot be purged. *Id.* at 13–14. Since Trenton's sanction was intended to coerce compliance with the court's order, the contempt was civil, and the standard of review applicable to civil contempt applies.

This court reviews a finding of civil contempt to determine whether it is clearly against the preponderance of the evidence. *Id.* A finding is clearly against the preponderance of the evidence if, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been made. *Balcom v. Crain*, 2016 Ark. App. 313, at 4–5, 496 S.W.3d 405, 408 .

To establish civil contempt, there must be willful disobedience of a valid court order. *Applegate v. Applegate*, 101 Ark. App. 289, at 294, 275 S.W.3d 682, 686 (2008) (citing *Ivy v. Keith*, 351 Ark. 269, 92 S.W.3d 671 (2002)). However, before a party may be held in

5

contempt for violating a court's order, the order must be definite in its terms and clear as to what duties it imposes. *Id.*

Here, the provisions in the standing order are clear and definite. *See Moore v. Moore*, 2023 Ark. App. 436, at 14, 675 S.W.3d 474, 482. The order expressly provides that any violation is punishable by contempt. The challenged provisions identify who is bound and what conduct is required or prohibited, using mandatory language and commonly understood terms. The language is direct and unambiguous, leaving no uncertainty as to the prohibited conduct.

Furthermore, sufficient evidence supports the finding of contempt. Trenton offered no testimony or other proof to contradict Michelle's evidence at the hearing, relying solely on his affidavit of financial means. Michelle presented testimony supporting her claim and the circuit court, as the fact-finder, was entitled to determine her credibility and the weight of her testimony. *See Balcom*, 2016 Ark. App. 313, at 5; *Gibson v. Buonauito*, 2022 Ark. 206, at 18, 655 S.W.3d 59, 70. Michelle was not required to present additional witnesses and documentation to corroborate her testimony.

The evidence also supports the circuit court's finding that Trenton engaged in contumacious behavior. The willful disobedience of a valid order of a court is contemptuous behavior. *Conlee*, 370 Ark. at 89, 257 S.W.3d at 551. Trenton argues that his behavior was not contumacious because he lacked the ability to pay. Although inability to pay is a defense to contempt, the circuit court did not find Trenton in contempt for nonpayment. *See Balcom*, 2016 Ark. App. 313, at 4–5. Rather, the court found that he violated the order by redirecting

a deposit and by engaging in harassing conduct. The contempt finding was based on willful disobedience of the court's order rather than nonpayment; his asserted inability to pay therefore does not negate the finding of contumacious conduct.

Further, to the extent that Trenton relies on medical records to support his claimed inability to pay, those records were not admitted into evidence at the hearing. Exhibits must be introduced into evidence to be considered. *S. Farmers Ass'n, Inc. v. Wyatt*, 234 Ark. 649, at 654, 353 S.W.2d 531, 534 (1962). Accordingly, those records were not before the circuit court in determining whether Trenton's conduct was willful.

Moreover, the evidence established that Trenton redirected the deposit in violation of the standing order and engaged in harassing conduct concerning a utility payment that had already been made. Such intentional conduct supports the circuit court's finding that Trenton willfully violated a court order; accordingly, we affirm the circuit court's contempt finding.

Trenton next challenges the denial of his motion for reconsideration under Arkansas Rule of Civil Procedure 60. Because appellate jurisdiction is a threshold issue, this court must first determine whether the challenged ruling is final and appealable.

Although Trenton characterizes the mortgage and arrearage provisions as contempt sanctions, the record shows that the $500 fine was the contempt penalty. The mortgage and arrearage provisions were temporary financial determinations entered during the ongoing divorce proceedings, not additional contempt sanctions.

In determining whether those rulings are appealable, an order must be final. *Ellis v. Ellis*, 2016 Ark. App. 411, at 3, 501 S.W.3d 387, 389. An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Id.* The mortgage and arrearage provisions allocated financial obligations pending resolution of the divorce, and the order did not resolve all pending claims between the parties. Under Arkansas Rule of Civil Procedure 54(b), an order adjudicating a few claims or parties is final only if the circuit court executes the required certification as prescribed by the rule. *See* Ark. R. Civ. P. 54; *Shirley v. Progressive Car Fin., LLC*, 2017 Ark. App. 110, at 2–3, 514 S.W.3d 488, 489. No such certification was entered here.

Despite the nonfinal nature of those temporary rulings, Trenton seeks review of them through his Rule 60 motion. However, a motion under Rule 60 does not affect the finality of a judgment. Ark. R. Civ. P. 60(k). Since the motion sought relief from nonfinal rulings, the filing of the motion did not make them appealable; therefore, we lack jurisdiction to review the denial of that motion, and the appeal as to that order is dismissed.

Affirmed in part; dismissed in part.

VIRDEN and HARRISON, JJ., agree.

*Robert S. Tschiemer*, for appellant.

*LaPorte-Jenner Law, PLLC*, by: *Frank LaPorte-Jenner*, *Kelli LaPorte-Jenner*, and *Eli Cummins*, for appellee.